NORTH CAROLINA STATE LIFE INSURANCE COMPANY v.
ORREN WILLIAMS.

*Contract—Insurance—Agency—Power coupled with an interest.*

1. A contract between a life insurance company and its agent stipulated that the agent should receive as compensation 25 per cent. commissions on first year payments, and 5 per cent. on renewals. The company went out of business and assigned the policies

(secured through the efforts of the agent) to another company, which assumed the risks; *Held*, that the agency ceased, and that the contract does not confer a permanent right upon the agent to collect renewals and retain the 5 per cent. commissions.

2. But where an agency is associated with an interest, it cannot be revoked by the principal to the detriment of the agent. What such an agency is, stated by SMITH, C. J.

CIVIL ACTION, commenced before a justice of the peace and tried on appeal at Fall Term, 1883, of EDGECOMBE Superior Court, before *Shepherd, J.*

The defendant was constituted and became an agent of the plaintiff company in the prosecution of its business of life insurance, under and by virtue of a contract mutually entered into, and in these words:

Memorandum of an agreement between the North Carolina State Life Insurance Company of the one part, and Orren Williams, of Edgecombe county, N. C., of the other part, witnesseth:

That the said company has appointed the said Williams its agent at Tarboro, N. C., for the purpose of soliciting applications for life insurance upon the terms and conditions following, to-wit: That upon premiums received for all kinds of policies, except endowment policies of less than twenty years, the said Williams shall receive a commission of twenty-five per cent. on first year payments, and five per cent. on renewals; and that upon endowment policies of less than twenty years he shall receive a commission of fifteen per cent. on first year payments, and five per cent. on renewals; that it shall be the duty of said Williams, on the first day of each and every month, to make to said company a detailed report of his doings as agent, and to pay over all moneys that may come into his hands rightfully belonging to said company.

In witness whereof the parties have hereto set their hands, this 12th April, 1873.

> For the Company:
>> O. H. PERRY, Supervising Agent.
>> ORREN WILLIAMS, Agent.

In pursuance of the agreement, and in the exercise of his agency, the defendant collected and had in his hands previous to the bringing of the suit, of the funds belonging to the plaintiff, the sum of $109.85 not contested, which he refuses to pay, setting up as a defence a counter-claim for a larger amount alleged to be due as damages under the provisions of the contract.

The plaintiff company, unable to successfully conduct its business, sold out and assigned many policies, secured through the active efforts of the defendant, to another life insurance association, which assumed its responsibilities and undertook to carry out the arrangements and contracts between the assured and the assignor insuring company, in like manner as the latter had undertaken.

Since the transfer and discontinuance of the functions of the plaintiff, renewals have been effected upon two of the said policies through another agency employed by the assignee, the commissions on which at the rate specified in the agreement exceed the plaintiff's demand, and for this excess the defendant claims to be entitled to judgment.

Upon the hearing on the appeal in the superior court, judgment was recovered by the plaintiff for the amount of the claim and the defendant appeals.

*Messrs. Walter Clark* and *J. L. Bridgers, Jr.*, for plaintiff.
*Mr. George Howard*, for defendant.

SMITH, C. J., after stating the above. The only question

presented is in reference to the construction of the contract of agency, and the rights of defendant thereunder.

The entire structure of the agreement for the creation of the agency, while silent as to its duration, evidently contemplates a continued connection between the service to be rendered and the compensation provided therefor, and is terminable at the election of either party. It may be put an end to by the principal. Story on Agency, § 463; by the renunciation of the agent, § 478; by operation of law where an incapacity in either party to maintain the relation is brought about, § 481.

The exception to the rule is where the agency is associated with an interest, and then it is not revoked, nor revocable by the principal to the detriment of the agent. What such an agency is, is thus explained by Chief Justice MARSHALL in the opinion in *Hunt* v. *Rousmanier*, 8 Wheat., 174, cited in brief of plaintiff's counsel: " We hold it to be clear," say the court, " that the interest which can protect a power, after the death of a person who creates it, must be an *interest in the thing itself.* In other words, *the power must be engrafted on an estate in the thing.* The words themselves seem to import this meaning. A power coupled with an interest is a power which accompanies or is connected with an interest. The power and the interest are united in the same person. But if we are to understand by the word 'interest,' an interest in that which is to be produced by the exercise of the power, then they are never united."

Tested by the rule thus laid down, it is manifest that when the authority to insure ceases, the capacity of the agent ends also, and the relation of the parties terminates.

Accepting this, the defendant claims compensation in damages for the withdrawal of the power to continue to act in the renewals, and measures his loss by the sum he would have received as commissions had he been permitted to act in two renewals made since the transfer.

This contention involves the assumption that the contract confers an absolute and permanent right to proceed with renewals when the original insurance was effected through the efforts and instrumentality of the defendant, when he can no longer act as agent in making the renewals.

Such is not the fair interpretation of the terms of the contract, which allows the specified commissions, as compensation for services to the company in the renewals, and necessarily ceases when the services cease.

The right to compensation is associated with a continuance of services, and the compensation is the agreed measure of their value. When the policy first issues, the per centum specified becomes due, and on each renewal the reduced per centum is allowed. Very manifestly the scope of the agreement conferring the authority is to provide the measure of remuneration for what the agent may do while he remains such, and no further. He was not to be paid for renewals afterwards made, unless participated in by him while in possession of authority to renew. Although renewals are the consequence of the original contract of insurance, and in this particular beneficial to the company, yet the full compensation given and accepted for this service is the twenty-five per centum on the sum received, provided in the contract which creates the agency and regulates its terms. This is in our opinion a fair and reasonable interpretation of the instrument, and the result is adverse to the counterclaim.

It must be declared there is no error in the ruling and the judgment must be affirmed.

No error.                                        Affirmed.