# Owensboro Wagon Company
# *v.* Hall.

*Action on Contract.*

1. *Contracts; sales; agency; pleading.*—Where a plaintiff has made a contract with the defendant, whereby the former makes the latter an agent for the sale of goods delivered to him, with the right to treat him as a purchaser of all unsold goods, after the expiration of twelve months, or in the event the defendant went out of business, but such contract specifies no time for the termination of the agency, the defendant has the right to terminate the agency at any time before the expiration of twelve months, or before going out of business, without giving the plaintiff the right to treat him as a purchaser; but a plea claiming such right is defective, in a suit against him as purchaser, which does not aver that the defendant terminated the agency before the plaintiff had the right to treat him as purchaser.

2. *Same; same.*—Where, under a contract by which a plaintiff can treat a defendant as a purchaser of goods delivered him, by making demand, upon the expiration of twelve months, or could do so in case he abandoned the mercantile business,

12s

[Owensboro Wagon Company v. Hall.]

the mere fact that the defendant abandoned such business, and notified the plaintiff thereof, who then failed to elect to treat defendant as a purchaser, does not preclude the plaintiff from afterwards holding the defendant as a purchaser, in the absence of any facts showing a waiver of that right.

3. *Same; same; waiver.*—Although, under such contract, the plaintiff had the right to treat the defendant as a purchaser of unsold goods on hand when the defendant quit the mercantile business, if the defendant, when doing so, notified the plaintiff thereof, who then instructed the defendant to sell the remaining stock and settle monthly, or after he had collected for the goods so sold, this will be a waiver of the right to treat the defendant as a purchaser of such goods then unsold. And a provision in the contract that the failure of plaintiff to exercise his option, at any time, to treat the defendant as a purchaser, shall in no wise impair the validity of the contract, or the right to enforce the same, does not affect the force of such waiver.

APPEAL from Bessemer City Court.

Tried before the Hon. B. C. JONES.

This action was brought by the appellant against the appellee, John A. Hall; the complaint claiming an indebtedness on account, account stated, and for goods, wares and merchandise sold and delivered by the plaintiff to the defendant. Seven pleas were filed, of which it is unnecessary to notice others than the 4th, 5th and 7th.

The fourth plea, after setting out the contract under which the wagons were delivered, the purport of which is shown by the opinion, alleged that, before the expiration of the twelve months, the defendant resigned his agency, gave the plaintiff notice thereof, offered to settle his accounts for wagons sold, and to deliver those unsold to the plaintiff, and that he still offered so to do. The fifth plea, after setting out the terms of the contract, alleged that, before the expiration of the twelve months, the defendant sold out his mercantile business, notified the plaintiff thereof, offered to settle for wagons sold and to deliver to plaintiff those unsold, but that the plaintiff failed or refused for an unreasonable length of time to exercise its election to treat the defendant as a

purchaser, and thereby waived or lost its right to so treat him. The seventh plea alleged that, after the plaintiff was notified that the defendant had disposed of his mercantile business, and he had offered to return the goods as set out in the 5th plea, the plaintiff with fu'l knowledge of the circumstances treated the defendant as its agent in handling the goods of the plaintiff, by running on under said contract of agency in carrying on the business of said agency, and thereby lost or waived its right to treat the defendant as a purchaser. Demurrers were overruled to the fourth, fifth and seventh pleas.

It is unnecessary to set out the facts. The general charge was given, on written request, in favor of the defendant. From a judgment for the defendant, the plaintiff appealed.

PORTER & PERRY, for appellant.

J. A. ESTES, contra.

ANDERSON, J.—The contract in this case makes the defendant the agent of the plaintiff for the sale of its wagons, with the right to treat him as purchaser of all the unsold wagons, should it so elect, after the expiration of twelve months, or in the event the defendant went out of the mercantile business, but did not specify any time for the termination of the agency.

The defendant had the right to terminate the agency at any time before twelve months, or before going out of business, without giving the plaintiff the right to treat him as a purchaser, but, as the plea does not aver that the defendant terminated the agency before the plaintiff had the right to treat him as a purchaser, the demurrer to the 4th plea should have been sustained.

The contract provides that the plaintiff can treat the defendant as a purchaser of the unsold stock of wagons, by making demand, upon the expiration of twelve months, or could do so in case he abandoned the mercantile business. But the mere fact that he sold out his mercantile business, and notified the plaintiff of the fact, and that it then failed to elect to treat him as a pur-

chaser, did not preclude the plaintiff from treating him as such, in the absence of any facts showing a waiver on its part to so treat him. The 5th plea was bad and the demurrer thereto should have been sustained.

Although the plaintiff had the right, under the terms of the contract, to treat the defendant as a purchaser as to the unsold stock of wagons, when he quit the mercantile business, if the defendant, after he sold out his mercantile business, notified the plaintiff of the fact, and it then instructed him to sell the wagons and settle monthly, or after he had collected for same, and he did do so, or agreed to do so, that would operate as a waiver on the part of the plaintiff to compel the defendant to purchase the goods or to subsequently treat him as a purchaser. And, while section 10 of the contract provides that a failure of the plaintiff to exercise the option at any time, shall in no wise impair the validity of the contract or the right to enforce the same, it does not enable it to waive the right to treat him as a purchaser by continuing to deal with him as such agent, after having notice that he had quit the mercantile business, and after so waiving the right to elect to then treat him as a purchaser. And the demurrer to the 7th plea was properly overruled.

The general charge was given for the defendant and the trial court erred in giving the same. The evidence of the defendant did not establish the material averment of the 7th plea, to-wit; "That the plaintiff understanding all the facts treated the defendant as its agent in handling the goods by running on under said contract of agency, in carrying on the business of said agency." The defendant testified, that "After plaintiff insisted on his keeping the wagons and selling and then paying for them, that he declined to do so," and which shows that the business was not continued under the agency as averred in the 7th plea.

Reversed and remanded.

McClellan, C. J., Tyson and Simpson, J.J., concurring.