(96 South. 769)

## BLOUNT COUNTY BANK v. BRICE.
### (6 Div. 807.)

(Supreme Court of Alabama. May 17, 1923. Rehearing Denied June 21, 1923.)

1. **Banks and banking** ⟨⟩153—Bank receiving funds deposited to credit of owner's attorney in fact held not custodian thereof, under power of attorney to receipt for and pay owner's creditors from such funds.

A bank in which funds, for the receipt of which it was designated attorney in fact, with directions to pay the owner's creditors therefrom without preference to any, were deposited to the credit of one, to whom they were actually paid as the owner's attorney in fact, was not the custodian thereof under its power of attorney, so as to raise the question whether it was relieved from liability to a creditor of the owner as having no charter authority to act under such power.

2. **Principal and agent** ⟨⟩37—Principal may revoke, at pleasure, agent's authority under general power of attorney, though written and declared irrevocable, unless coupled with interest or time limit.

The principal may revoke at pleasure the authority conferred under a general power of attorney, though expressed in writing and declared exclusive or irrevocable, unless coupled with an interest or such a time limit as comes within the exceptions to the general rule.

3. **Banks and banking** ⟨⟩153—Creditor held not entitled to recover from bank, designated as attorney in fact to receive money due debtor and pay creditors therefrom, money deposited to account of another as debtor's attorney in fact.

That an attorney in fact, to whom checks payable to and indorsed by his principal were turned over after he was instructed by the principal not to pay an alleged creditor anything, made a special deposit thereof, to his account as attorney in fact, in a bank to which the principal had theretofore executed a power of attorney to receive them and pay the principal's creditors from the proceeds without preference to any, gave such creditor no actionable right against the bank in such fund.

4. **Appeal and error** ⟨⟩1057(1)—Error in exclusion of principal's instructions to attorney in fact as to application of funds deposited by latter, cured by admission of undisputed evidence of instruction, not to pay creditor suing bank for share thereof.

In an action against a bank, designated as attorney in fact to receive insurance money due the principal and pay his creditors therefrom without preference to any, to recover part of such fund, which was actually paid to another and deposited to his account as insured's attorney in fact, error in excluding evidence of insured's instructions to such agent, as to application of the fund, was cured by the subsequent admission of undisputed evidence that he instructed him, before the money was deposited, to pay plaintiff nothing.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by James A. Brice against the Blount County Bank. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 3 is as follows:

"The plaintiff claims of the defendant the sum of $1,700 for that whereas one W. J. Shelton did, on or about the 30th day of September, 1920, make and constitute the defendant his attorney to collect from divers fire insurance companies, divers amounts due from said fire insurance companies to W. J. Shelton on divers fire insurance policies issued by said companies to the said W. J. Shelton, and in and as a part of said instrument or power of attorney, which is in writing, and a copy of which is hereto attached marked Exhibit A and hereby referred to and made a part of this complaint, the said W. J. Shelton did authorize, direct, and empower the defendant to pay out any and all money collected by it from said insurance companies on said fire insurance policies to the creditors of the said W. J. Shelton, therein directing the defendant should give no preference or advantage to any creditors over any other creditor of the said W. J. Shelton; that on or about the 30th day of September, 1920, the defendant accepted and undertook the execution and performance of the duties imposed upon it by the terms contained in Exhibit A, which has heretofore been a part of this complaint; that on or about the 30th day of March, 1921, under and by virtue of the terms of Exhibit A the defendant received from the said fire insurance companies the sum of $20,043 to be disbursed and paid out by it as per the terms of said exhibit; that on the 29th day of August, 1918, the said W. J. Shelton executed and delivered to the plaintiff three certain promissory waiver notes of the following description: One note for $500 due December 1, 1921 and one note for $345 due December 1, 1922, all of which notes bear interest from date and that no part of said notes have been paid; that defendant was fully apprised of the existence of plaintiff's said debt and the right of the plaintiff to have his debt paid out of said funds collected by defendant, and defendant was fully apprised of its duty to pay said debt out of said fund collected from said insurance companies, but, notwithstanding the aforesaid right of the plaintiff and the aforesaid duty of the defendant, the defendant paid out all of said fund to creditors of the said W. J. Shelton other than the plaintiff, or the defendant has diverted said fund or that part of the same that should have been paid to plaintiff under the terms of Exhibit A from

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the purpose for which it was the duty of defendant to pay it out and has failed and refused to pay plaintiff his said debt out of said funds to the damage of the plaintiff in the full sum of $1,700 and hence this suit."

The body of the instrument exhibited with the complaint is as follows:

"Know all men by these presents that I, William J. Shelton, of the county of Blount and state of Alabama, do hereby appoint and constitute the Blount County Bank, a corporation under the laws of the state of Alabama, having its place of business at Oneonta in Blount county, Ala., my true and lawful attorney, for me and in my name and my behalf to receive and receipt for any and all fire insurance of every kind whatever which may be due or which may become due to me by reason of any and all property whatever, which has heretofore been destroyed by fire at Brooksville or any other place. The receipt of the said Blount County Bank to any insurance company for amounts due to me on any fire insurance policy issued to me, shall be of full force and effect, and shall be as binding on me as if I had given the same myself. The said Blount County Bank is hereby expressly authorized to pay all of my just debts out of the proceeds of said insurance, and to this end said Blount County Bank shall have full and complete power, and it is my desire and request that all of my just debts be paid by said Blount County Bank to my creditors, before any of the proceeds of said insurance is paid to me or delivered to me by said Blount County Bank. No preference or advantage shall be given to any creditor over any other creditor. Given under my hand and seal this 30th day of September, 1920."

Ward, Nash & Fendley, of Oneonta, for appellant.

A power of attorney is revocable at any time before execution, unless coupled with some interest of the person to whom it is given. Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; Ewart Lbr. Co. v. Amer. Cement Plaster Co., 9 Ala. App. 152, 62 South. 560; Chambers v. Seay, 73 Ala. 372; Evans v. Fearne, 16 Ala. 689, 50 Am. Dec. 197; Owensboro Wagon Co. v. Hall, 143 Ala. 177, 42 South. 113; Phillips v. Howell, 60 Ga. 411.

Russell & Johnson, of Oneonta, for appellee.

When appellant received or collected the insurance money by virtue of the power of attorney, it ceased to be the agent of Shelton, and became the agent of the creditors of Shelton, and such creditors had a right of action against appellant. Hitchcock v. Lukens, 8 Port. 333; Huckabee v. May, 14 Ala. 263; Cullum v. Bloodgood, 15 Ala. 34; Hughes v. Stringfellow, 15 Ala. 326; Hoyt v. Murphy, 18 Ala. 316; Mason v. Hall, 30 Ala. 599; Burkham v. Mastin, 54 Ala. 122; Henry v. Murphy, 54 Ala. 246; Potts v. First National Bank, 102 Ala. 288, 14 South. 63; Moore v. Bank, 139 Ala. 606, 36 South. 777.

THOMAS, J. The trial was had on the common counts and count 3. Defendant pleaded in short by consent the general issue, with leave to give in evidence any matter which, if well pleaded, "would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the plaintiff to give in evidence any matter, which, if well pleaded, would be admissible in reply to such defensive matter," etc. There was refusal of the general affirmative charge requested by defendant, and the judgment was for plaintiff.

[1] It is insisted by appellant that the bank had no authority under its charter to act under a power of attorney as attorney in fact. It is unnecessary to consider this phase of the argument. The testimony is without conflict that the money was paid by the insurance company to Mr. Shelton and his attorney in fact, Mr. Fendley, and was not paid to or received by the bank as such attorney in fact. Though the funds were deposited in said bank to the credit of the attorney in fact for said Shelton, this did not make the corporation the custodian of the fund as Shelton's attorney in fact. The plaintiff testified that he did not know whether the bank, as such, received the funds. The cashier testified that all the insurance checks for Shelton were deposited to the credit of "A. A. Fendley, Attorney in Fact for W. J. Shelton"; that the Blount County Bank "never received those checks or the proceeds of them to its own credit"; that the money was checked out by A. A. Fendley as attorney in fact for W. J. Shelton. That from time to time corporations have acted in such agency, as the holders of an escrow, in the acceptance of special deposits, etc., is illustrated by the decisions. Jones v. First National Bank, 206 Ala. 203, 89 South. 437; First National Bank v. Prickett (Ala. App.) 95 South. 920.

[2, 3] The power of a principal to revoke at pleasure the authority conferred under a general power of attorney is not affected, even if the power of attorney be expressed in writing and declared "to be exclusive or irrevocable," unless it be coupled with an interest, or a time limit, as comes within the exceptions to the general rule. Cooper v. Cooper, 206 Ala. 519, 91 South. 82. See, also, Wheeler v. McGuire, Scoggins & Co., 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; Chambers v. Seay, 73 Ala. 372; Owensboro Wagon Co. v. Hall, 143 Ala. 177, 42 South. 113; Evans v. Fearne, Crenshaw & Co., 16 Ala. 689, 50 Am. Dec. 197. The testimony is without conflict that the insurance money was paid to W. J. Shelton and A. A. Fendley; the checks being payable to the parties and indorsed by them. Notwithstanding the error of the court in declining to permit defendant to show Shelton's oral instructions

to Fendley at the time of such indorsements, as to the disbursement or disposition of that fund, it was thereafter shown, without conflict, that Mr. Brice's claim was discussed by them, and that Shelton instructed Fendley that he did not "owe Brice anything" and that he should not pay him anything. Thereafter the checks from the insurance company for the twenty odd thousand dollars, so indorsed by Shelton, were turned over to Fendley, and he was instructed "at that time what to do with them." The fact that Fendley thereafter made the special deposit in the bank (sought in the first instance to be created the attorney in fact) to his account as attorney in fact for Sheltoh, in no way gave plaintiff (mortgagee) a right in such fund or share therein to authorize this suit.

[4] It was decided in McKenzie v. Stewart, 196 Ala. 241, 72 South. 109, that—

"A parol agreement by a mortgagee to accept payment of the mortgage debt in other than money is held not an agreement with respect to a conveyance in land, and is not within the statute of frauds; that this is true though the result of the mortgagee's acceptance of the property agreed to be accepted in payment would be a release of the land from the mortgage; * * * 'the same result would follow from his acceptance of money also; and in either case the release of the land results incidentally from the operation of law, and not from any agreement of the parties.'"

See Lehman, Durr & Co. v. Marshall, 47 Ala. 362; Formby v. Williams, 203 Ala. 14, 81 South. 682; Abbeville Live Stock Co. v. Walden, ante, p. 315, 96 South. 237.

The question whether or not a legal liability exists between Shelton and Brice on the unpaid notes, evidenced and secured by the mortgage from Shelton to Brice, or such liability between Bridges and Brice, or Bridges and Shelton, is beside the issue. The power of revocation existing in Shelton as to the application of the proceeds of his insurance policy by the Blount County Bank, his right to deliver the money to Fendley and direct him not to pay Brice's claim (and that he did not), is without dispute.

It results from the foregoing that there was error in the refusal of the trial court to admit in evidence the instructions of Shelton to Fendley, at the time of the indorsements and delivery of the checks for the insurance, as to the application of the proceeds. This error was cured by the subsequent admission of evidence that Shelton did instruct Fendley to apply the proceeds from the insurance checks to the payment of his creditors, other than Brice; and that this instruction was given before the money was deposited in the Blount County Bank to the credit of Fendley as attorney in fact for W. J. Shelton. The affirmative charge

should have been given, as requested by the defendant, on this uncontradicted evidence.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.