(103 So. 564)

**MILLICAN v. HAYNES.   (7 Div. 545.)**

(Supreme Court of Alabama.   March 26, 1925.)

**1. Brokers ☞10—Contract held only to grant agent right to sell land for commission.**

Contract by which plaintiff was to sell land for defendant on commission *held* only to grant right to sell for a commission and to create an interest, not in land itself, but in exercise of power to sell.

**2. Brokers ☞10—Contract creating only an agency revocable by owner at any time.**

Where contract by which plaintiff was to sell land for defendant on commission created only an agency, it was revocable by owner at any time, irrespective of contract provision that it was not subject to cancellation without written consent of both parties.

**3. Brokers ☞10—When agency may be revoked by principal stated.**

Unless agency is coupled with an interest, or is necessary to effect a security, principal has absolute power to revoke an agency at any time, irrespective of an express or implied contract between agent and principal that such agency is irrevocable, or that employment of agent shall continue for a specified time, or that authority was conferred for a consideration, or that agent has incurred expense in and about business of agency, which stipulations give agent only a cause of action against principal for wrongful revocation in breach of such contract.

**4. Brokers ☞11—Damages suffered by revocation of authority, depriving agent of opportunity to earn commission, are too remote to be recoverable.**

Damages suffered by agent's revocation of authority, depriving him of opportunity to earn commissions, are merely prospective and speculative, and too remote to be recoverable.

**5. Brokers ☞11—Plaintiff held not entitled to recover commissions for sales he might have made if authority not revoked.**

Plaintiff *held* not entitled to recover commissions which he might have earned by sales under contract to sell land for defendant if agency had not been revoked, since prospect of such commissions was too remote.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Action by Thomas W. Millican against M. T. Haynes. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Affirmed.

The contract upon which the suit is based is as follows:

"This agreement made and entered into this the 6th day of June, 1922, by and between M. T. Haynes and —— Haynes, residents of Talladega county, state of Alabama, and hereinafter called party of the first part, and Thos. W. Millican, manager of the Tennessee-Alabama Realty & Auction Company of Lawrenceburg, Tenn., hereinafter called party of the second part, witnesseth:

"That, whereas, the said party of the first part owns in fee the title to the hereinafter described lands in Talladega county, state of Alabama, and desires to sell same; and

"Whereas, the said party of the second part is engaged in buying and selling or otherwise handling real estate, publicly or privately, and by selling as a whole or subdividing and sell-

ing farm lands and city lots and property on commission and desires to handle or sell the said lands belonging to the said party of the first part in said county and state:

"Now, therefore, in consideration of the premises, and in further consideration of the stipulations and agreement hereinafter set out and the sum of $1 paid to the party of the second part, the receipt of which is hereby acknowledged, and for further consideration hereinafter mentioned, the party of the second part does agree to offer for sale for the party of the first part a certain plot of lots or acreage located in or near the town of Talladega, Ala., we, the said party of the first part, hereby give and convey unto the said party of the second part, its successors or assigns, the right to sell as a whole or subdivide and sell the lands hereinafter described at and for $68.75 per acre.

"The party of the first part further agrees to aid and assist in any way possible in the advertising and selling of said land without expense to the party of the second part, which said property is described as follows: Bounded on the north Allison & J. C. Burt, east, J. C. Burt, Spence, old Wetumpka road, south, Spence & White, west, White & Mullen, located and lying on each side of Talladega and Anniston road 2 miles east of Talladega, being in all 800 acres.

"It is hereby intended specially to convey as herein set out and described all the lands now owned by said party of the first part, and lying in a body in said county of Talladega, state of Alabama, whether correctly described herein or not.

"It is further agreed by all parties of this contract that in consideration of the services rendered and expenses incurred by the said party of the second part, in advertising and conducting the sale, that the party of the first part does hereby agree to pay to the party of the second part at the close of the sale 5 per cent., in cash of the gross receipts of the sale, as shown by the contracts signed by the purchasers arising from this sale, up to and including the sum of $68.75 per acre, which shall be reckoned and ascertained by counting each piece or parcel of property as a single unit, and settled for on that basis, which said commission and other compensations if any, to the party of the second part, is to be paid on day of sale.

"The said party of the first part hereby waives all rights of exemption as provided by the Constitution and laws of said state as to the collection of the said commission.

"Said party of the second part further agrees to sell property without expense to the party of the first part, except as hereinabove set out. Terms of sale one-half cash on delivery of deed, balance due in equal amounts to suit purchaser.

"It is further mutually agreed by and between the parties hereto that this contract is not subject to cancellation or revocation without the written consent of both parties, the same may be extended and readvertised if necessary, as in the opinion of the party of the second part may best serve the interests of the parties hereto and sold under this contract on the same terms and conditions named herein.

"It is further agreed that in the event either of the parties hereto should buy or contract for additional property adjoining or near the property herein described that the same may be sold at said sale under this contract or under any other contracts entered into by either of the parties hereto with the third party.

"In witness whereof, we hereunto set our hands and seals in duplicate, each copy to serve as the original this the day and date first above written."

Knox, Dixon, Sims & Bingham, of Talladega, for appellant.

The contract provides that it shall remain in force until rescinded by mutual agreement. 6 R. C. L. 894; 13 C. J. 599. By use of the word "convey," an exclusive right is implied. 13 C. J. 895; Johnson v. State, 69 Ala. 593; 2 Words and Phrases, 1571; Lippman v. State, 104 Ala. 61, 16 So. 130; Fort v. State, 1 Ala. App. 195, 55 So. 434; 4 R. C. L. 259; Blumenthal v. Bridges, 91 Ark. 212, 120 S. W. 974, 24 L. R. A. (N. S.) 279; Starks v. Springgate, 39 N. D. 228, 167 N. W. 221, L. R. A. 1918D, 728; Cloe v. Rogers, 31 Okl. 255, 121 P. 201, 38 L. R. A. (N. S.) 366. The plaintiff is entitled to commission on any sale made during the term of his contract. 9 C. J. 622; Erswell v. Ford, 205 Ala. 494, 88 So. 429; Id., 208 Ala. 101, 94 So. 67; Smith v. Sharpe, 162 Ala. 433, 50 So. 381, 136 Am. St. Rep. 52.

Harrison & Stringer, of Talladega, for appellee.

The contract was one of agency only, and could be revoked by the principal at any time before performance, without liability for commission. Chambers v. Seay, 73 Ala. 372; Cronin v. Amer. Sec. Co., 163 Ala. 533, 50 So. 915, 136 Am. St. Rep. 88; Bailey-McConnell & Howard v. Smith, 103 Ala. 641, 15 So. 900; Henderson v. Vincent, 84 Ala. 100, 4 So. 180; 21 R. C. L. 86.

SAYRE, J. Plaintiff in this cause suffered a nonsuit in the trial court, where demurrers were sustained to each count of his complaint, and prosecutes this appeal under the provision of section 6431 of the Code of 1923.

Plaintiff had a contract with defendant by which he was to sell a certain tract of land for defendant on commission. A paragraph of the contract, which was in writing, provided:

"It is further mutually agreed by and between the parties hereto that this contract is not subject to cancellation or revocation without the written consent of both parties, and same may be extended and readvertised if necessary, as in the opinion of the party of the second part [plaintiff] may best serve the interests of the parties hereto and sold under this contract on the same terms and conditions named herein."

Before plaintiff had found a purchaser of the tract or any part of it defendant no-

tified plaintiff in writing, in effect, that the contract was revoked. Whereupon this suit.

[1-3] The contract contains language which appears to have been employed with a view to the creation of the semblance of an interest in the land described—words of conveyance are employed—but its whole effect, we think, is to grant the right to sell for a commission, to create an interest, not in the land itself, but in the exercise of the power to sell; that is, in the commissions to be earned. "But, if we are to understand by the word 'interest,' an interest in that which is to be produced by the exercise of the power, then they are never united. The power to produce the interest must be exercised, and by its exercise is extinguished." Hunt v. Rousmanier, 8 Wheat. 204, 5 L. Ed. 589; 2 C. J. 532, note 64. The contract created no interest in the land which was the subject-matter of the power conferred on plaintiff. It created an agency only, as its provisions apart from the language of conveyance abundantly indicate, and was therefore subject to revocation by the owner at any time. Chambers v. Seay, 73 Ala. 372; Henderson v. Vincent, 84 Ala. 100, 4 So. 180; Cronin v. American Securities Co., 163 Ala. 533, 50 So. 915, 136 Am. St. Rep. 88. As for the rest, we quote from Chambers v. Seay, supra: "It is insisted further that the agency is rendered irrevocable by reason of the fact that the power of sale conferred on Chambers was stipulated to be exclusive. This cannot be stronger than the use of the word 'irrevocable,' which has been construed to fail of such a purpose, unless the agency comes within the exceptions above discussed"— that is, where the agency is coupled with an interest or it is necessary to effectuate a security. "In the case of a naked power, an express declaration of irrevocability will not prevent revocation." And, since the questions here involved have been the frequent subject of consideration in the courts everywhere, we may add in the language of 2 C. J. 527-529, that, subject to the limitations stated, "the principal has absolute power to revoke an agency at any time, at his mere option, either with or without reason, and thereby terminate the agent's power and authority to bind the principal by any further acts. This power to revoke an agent's authority at any time is not at all affected by the fact that there is an express or implied contract between the agent and the principal that such agency is irrevocable, or that the employment of the agent shall continue for a specified time, or by the fact that the authority was conferred for a consideration, or that the agent has incurred expense in and about the business of the agency. * * * The only effect of such stipulations is to give the agent a cause of action against the principal for a wrongful revocation in breach of such contract." In support of this text a host of adjudicated cases is cited, Chambers v. Seay, supra, among the rest. In other words, the power and authority of the agent to act for the principal may be revoked at any time; a valid contract cannot be revoked. 2 C. J. 528, note 31(a).

[4, 5] The several counts of the complaint, as we understand them, proceed upon the theory that defendant breached the contract alleged by revoking plaintiff's power and authority to proceed thereunder, and hence that defendant is "indebted" to plaintiff as for commissions earned with interest thereon. No sales have been made; no purchasers have been found. The pith of plaintiff's complaint is that he has lost the opportunity to earn commissions during the stipulated term of his contract by which, no limit being fixed, he was entitled to a reasonable time in which to find a purchaser. Erswell v. Ford, 205 Ala. 494, 88 So. 429. Our cases, to which we have heretofore referred, appear to have been written to the end of asserting in substance that, by reason of the inherent nature of the contract relations between the parties, the agent's right to earn commissions is finally determined when the principal revokes his authority. Perhaps it would better accord with sound principle and the distinction we have noted between revocation of authority and breach of contract to say that the damages suffered by the agent, the revocation of whose authority deprives him of the opportunity to earn commissions on those new transactions in which he might possibly or even probably have been engaged but for such revocation, are of necessity merely prospective and speculative, and as such are too remote to be recoverable. This last view would be in full agreement with the decisions of this court. Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Beck v. West, 87 Ala. 219, 6 So. 70. Whether one line or the other of the argument is adopted, it results that plaintiff cannot recover on the facts stated in his complaint. As pointed out in Chambers v. Seay, and Cronin v. American Securities Co., supra, plaintiff might have maintained an action to recover the value of his labor or for money expended in reliance upon the contract or commissions for sales brought about by his efforts prior to the revocation of his authority, but the complaint seeks no such recovery, but only to recover commissions which he might have earned by sales had defendant not revoked his authority.

It results in our opinion that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.