(107 So. 745)

## HEWITT v. MAGIC CITY FURNITURE & MFG. CO. (6 Div. 602.)

(Supreme Court of Alabama. March 18, 1926.)

Injunction ⬤⟳60—Discharged factory superintendent may not, by injunction against dismissal, enforce performance of contract of employment.

Factory superintendent may not, by injunction restraining dismissal, enforce performance of contract of employment, on ground of irreparable damage by loss of opportunity to gain reputation; his remedy at law being adequate, and the employer being without equitable remedy to compel performance by him.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by R. D. Hewitt against the Magic City Furniture & Manufacturing Company. From a decree for respondent, complainant appeals. Affirmed.

---

The contract sought to be enforced is as follows:

"March 16, 1925.

"Contract agreement between Magic City Furniture & Manufacturing Company, of Birmingham, Alabama, and R. D. Hewitt, as follows:

"R. D. Hewitt is to be paid $60.00 (sixty dollars) per week drawing account for one year, and, at the end of twelve months, is to be given ten shares of stock at par, which amounts to, at this date $1,000 (one thousand dollars). In event of above parties severing connections at this time Mr. Hewitt is to be paid the sum of $1,000.00 (one thousand dollars) in cash for his stock within thirty days of separation.

"In consideration of this drawing account and stock Mr. Hewitt is to be superintendent and take charge of the production of the factory.

"Magic City Fur. & Mfg. Co.,
"By W. L. Brentnall, V. P."

Horace C. Wilkinson, of Birmingham, for appellant.

This case presents an exception to the rule that ordinarily contracts for personal service will not be enforced in equity. 4 Words and Phrases, Second Series, p. 792, "superintendent." Where a contract of employment is for a definite term, it cannot be terminated at an earlier period, unless the right to do so is reserved in the contract. 26 Cyc. 980; Hartsell v. Masterson, 31 So. 616, 132 Ala. 275. Dissatisfaction with services is not a ground for discharging the employee. Baltimore Base Ball Club v. Pickett, 28 A. 279, 78 Md. 375, 22 L. R. A. 690, 44 Am. St. Rep. 304; Allen v. Mutual Comp. Co., 14 So. 362, 101 Ala. 574; 26 Cyc. 993. Demurrer to the bill was erroneously sustained. Jones v. Williams, 39 S. W. 468, 40 S. W. 353, 139 Mo. 1, 37 L. R. A. 682, 61 Am. St. Rep. 436; Gregg v. Starks, 224 S. W. 459, 188 Ky. 834.

Mullins & Jenkins, of Birmingham, for appellee.

A bill in equity to compel by injunction specific performance of a contract for personal service will not lie. Roquemore & Hall v. Mitchell Bros., 52 So. 423, 167 Ala. 475, 140 Am. St. Rep. 52; Dimmick v. Stokes, 43 So. 854, 151 Ala. 150; Iron Age P. Co. v. W. U. T. Co., 3 So. 449, 83 Ala. 498, 3 Am. St. Rep. 758. Unless there is such mutuality of obligation in the contract sought to be enforced by one party as that the other party could also compel specific performance, equity will not entertain the bill. Ezzell v. Holland Stave Co., 99 So. 78, 210 Ala. 694; Shannon v. Wisdom, 55 So. 102, 171 Ala. 409; Rushton v. McKee & Co., 77 So. 343, 201 Ala. 49; Electric Lighting Co. v. Mobile & S. H. R. Co., 19 So. 721, 109 Ala. 190, 55 Am. St. Rep. 927; Chadwick v. Chadwick, 25 So. 631, 121 Ala. 580.

SAYRE, J. The parties entered into the contract shown in the statement of facts.

In the bill it is averred that within the stipulated term of the contract, on, to wit, December 9, 1925, defendant appellee discharged complainant from his employment without just cause or excuse. An injunction was prayed to restrain defendant from discharging complainant or interfering with his performance of his duties under the contract. The chancellor, judge of the circuit sitting in equity, sustained defendant's general demurrer, and denied complainant's prayer for a temporary injunction. The bill, in substance, is one to enforce specific performance of the contract alleged.

We are clear to the conclusion that for the wrong and injury complained of appellant must seek his remedy in a court of law. Appellant insists that he could have no adequate remedy at law, because, in the performance of his part of the contract, he would have the opportunity to make a reputation for efficiency in the superintendence of appellee's business that would have been of great future advantage to him in the business world—an advantage that may not be estimated in terms of dollars and cents—and, therefore, that any judgment recoverable in a court of law would fall short of compensating him adequately for appellee's alleged breach of the contract between them. This inestimable element of value in appellant's contract may be conceded. Differing in degree only, the same consideration would obtain in the case of every contract for personal services; but we do not find that its sufficiency as a ground of equity has ever been allowed by any court of first-rate authority. The fundamental trouble with appellant's case is that his contract is for the performance of continuous personal services on his part. Whether as superintendent, employee, or servant, his services are merely personal, no matter how dignified or responsible they may be, and the court of equity cannot undertake to enforce the performance of such services. The result is that the case presented discloses a lack of mutuality of equitable remedy. If appellant were reinstated in his place, he might abandon his duties on the next day, and appellee would be remediless. The court of equity will not undertake to enforce such contracts at the instance of either party. Dimmick v. Stokes, 43 So. 854, 151 Ala. 150; Roquemore v. Mitchell, 52 So. 423, 167 Ala. 475, 140 Am. St. Rep. 52.

There are cases in which it has been held that, "where the services to be rendered are purely intellectual, or are peculiar and individual in their character, and where in case of default the same service is not to be obtained from others," the court will interfere at the suit of the employer to compel performance by enjoining a breach by the employee. 32 C. J. p. 200, § 310. That rule has been followed in the cases of singers, actors, artists, and the like; but even in such cases some of the courts have recog-

nized the necessity for an express negative covenant on the part of the employee; that is, a covenant not to work for any one else during the period covered by the contract. 32 C. J. §§ 311, 312, 313. However, that question is not involved in this case. The reason for the general rule, shown by the citation of our cases supra, is that other employees may be found to do the work. That reason, we have no doubt, applies with full force to the case in hand. On the other hand, there are many cases holding that, regardless of contract, an employer will not be enjoined from dismissing an employee, and that, in such case, the employee's remedy is by action at law. 32 C. J. p. 199, § 307. In this connection see Millican v. Haynes, 103 So. 564, 212 Ala. 537.

For the reasons indicated, we are clear to the conclusion stated above that there is no equity in appellant's bill, and that the temporary injunction prayed was properly denied.

Affirmed:

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.