Middleton, J.
The plaintiff asserts that he brings this action not for himself alone but for himself and others (unidentified) having a common interest in *311 the subject matter of the cause of action. We must, therefore, consider the petition as an effort to institute and maintain a class action.
By way of equitable relief plaintiff seeks to enforce an employment contract by injunctive order directing the defendant to discharge its maintenance and production employees and to re-employ plaintiff and “other said employees.” This amounts to an effort to procure specific performance.
The rendering of unique services is not involved and enforcement of negative covenants of an employment contract is not sought. The contract has no unusual features which distinguish it from an ordinary employment contract and this is true even though it may have been negotiated by the union on behalf of a group of employees. Whether it be a contract between the defendant and one employee or a large group of employees it is still an employment contract and must be construed and enforced in accordance with the well established law relating to employment contracts.
It has long been settled law that a court of equity will not decree specific performance of a contract for personal services. This court has recognized this principle of law whenever occasion arose. See Port Clinton Rd. Co. v. Cleveland & Toledo Rd. Co., 13 Ohio St., 544; New York Central Rd. Co. v. City of Bucyrus, 126 Ohio St., 558, 186 N. E., 450; Hoffman Candy & Ice Cream Co. v. Department of Liquor Control, 154 Ohio St., 357, 96 N. E. (2d), 203.
The Supreme Court of Michigan made a clear and concise statement in Mosshamer v. Wabash Ry. Co., 221 Mich., 407, 191 N. W., 210, with which we fully agree. It is:
<<# # * it ig no^ f-kg function of the courts to say to the employer by mandatory injunction, you must employ A and discharge B. If A has a contract with the employer which is breached the court of law is always *312 open to him to recover the damages occasioned him by its breach, bnt a court of equity may not by mandatory injunction thus interfere with the running of the employer’s business.”
The general rule is well stated in 28 American Jurisprudence, 285, Section 93, as follows:
“It may be stated that as a general rule an employee whose employment is not coupled with an interest in the business is not ordinarily entitled to injunctive relief to prevent his employer from discharging him * * *. The remedy at law in such cases is generally adequate to furnish relief, and besides there is a lack of mutuality of equitable remedy, since the employer would not be entitled to similar relief in case the employee left his employment.”
In support of the rule so stated, the following decisions, among many others, may be cited: Arthur v. Oakes, 63 F., 310; Hewitt v. Magic City Furniture & Mfg. Co., 214 Ala., 265, 107 So., 745; Greer v. Austin, 40 Okla., 113, 136 P., 590, 51 L. R. A. (N. S.), 336.
The absence of mutuality of equitable remedy in the instant case is manifest. It is not, and could not be, argued that the defendant could force the plaintiff to continue in the service of defendant against plaintiff’s will. On that subject it is stated in 135 A. L. R., 282: “Specific performance of a contract for services will of course be denied when there is no mutuality of obligation.”
In recent years the enforcement of collective bargaining agreements has been the subject of many decisions by American courts, important among which are Beatty v. Chicago, B. & O. Rd. Co., 49 Wyo., 22, 52 P. (2d), 404, and Chambers v. Davis, 128 Miss., 613, 91 So., 346. Based upon those and other similar decisions, the following statement appears in 31 American Jurisprudence, 879, Section 117:
“Since equity will not decree the specific perform *313 anee of contracts for personal services, it will not decree specific performance of the provisions of a collective bargaining agreement as to seniority rights. ’ ’
Additional pertinent statements and decisions may be found by reference to 49 American Jurisprudence, 160, Section 137; 44 A. L. R., 1444; and 95 A. L. R., 45.
It is clear that equity will not specifically enforce the employment contract in question by way of mandatory injunction merely because the contract was made as a result of collective bargaining and effort is made to maintain the action as a class action. The plaintiff must seek his remedy in an action at law.
It is maintained by plaintiff that he is specifically authorized to bring this action on behalf of himself and other employees by Section 11257, General Code, which reads:
“When the question is one of a common or general interest of many persons, or the parties are very numerous, and is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
In construing that section of the Code, consideration must be given to Sections 11254 and 11256, which are as follows:
Section 11254: “All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided.”
Section 11256: “Parties who are united in interest must be joined, as plaintiffs or defendants. * * *”
If this be considered an action at law, the only remedy sought is money damages — the amount which each of the group lost by way of wages, bonuses, overtime, premium time and vacation pay and damages due to loss of seniority. Whether all these items are *314 included in the lump sum of $60,000 is not made clear. If such damages were recoverable it is obvious that no two employees would be entitled to the same amount. Each employee would have his individual seniority rights and no two would be the same. There is no question common to them and no issue which affects all of them alike. It is clear that the plaintiff and ‘ ‘ other employees ’ ’ are not united in interest and that there is no question of common or general interest among them which could be established by the same evidence. Joint trial of their several causes of action is not possible. Hence no right to maintain this action arises under Section 11257. Trustees v. Thoman, 51 Ohio St., 285, 37 N. E., 523; Stevens v. Cincinnati Times-Star Co., 72 Ohio St., 112, 154, 73 N. E., 1058, 106 Am. St. Rep., 586; Davies v. Columbia Gas & Electric Corp., 151 Ohio St., 417, 86 N. E. (2d), 603.
We do not say that a situation could not exist where a large group of employees would have a common interest in an alleged violation of an employment contract, which contract was the result of collective bargaining, so that they could be joined as plaintiffs or be included under the rule of virtual representation. We merely say this is not such a case.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Taet, Matthias, Hart, Zimmerman and Stewart, JJ., concur.