156 So.2d 144

**NORTH AMERICAN COMPANY FOR LIFE, ACCIDENT AND HEALTH INSURANCE**

v.

**Milton J. BOLLING, Jr.**

**1 Div. 94.**

Supreme Court of Alabama.

Aug. 29, 1963.

---

1. Ante, p. 301.

Lyons, Pipes & Cook, Mobile, for appellant.

Vincent F. Kilborn, Mobile, for appellee.

HARWOOD, Justice.

This is an appeal from a decree overruling a motion to dissolve a temporary injunction.

In the proceedings below the complainant filed his bill which essentially seeks specific performance of two contracts, one to sell life insurance and the other to sell accident and health insurance.

The bill avers that at all times material to this suit the complainant was a resident citizen of Mobile County and qualified and licensed to handle life, accident, and health insurance.

The respondent is an insurance company with its principal place of business in Chicago, Illinois, and is qualified to carry on its business in Alabama.

It is alleged that during 1928, the complainant's father, now deceased, was in business as a general insurance agent handling lines of insurance, including "the matter of lines of insurance" handled by the respondent.

In 1928, George F. Manzelmann, an agent of respondent, while acting within the line and scope of his authority, came to Mobile and endeavored to persuade the complainant to enter the insurance business and work for the respondent.

Manzelmann, as an agent aforesaid, agreed that if complainant would associate himself with his father in the insurance business in acting as general agent, and continue such agency, then the complainant would have a lifetime agency.

The bill alleges that it was further agreed that the complainant would acquire a vested interest in a fixed percentage of all renewals on life, health, and accident insurance written by such agency and so long as any such policy holders renewed from

time to time, the complainant "would receive a fixed portion of the renewal premium as a vested right vested in him for his lifetime."

It was further a part of the agreement that the complainant would undertake to devote his best efforts and full time to furthering the business of the respondent, and that he would undertake to rent for and furnish to respondent suitable offices in Mobile and advertise the respondent in the local telephone directory.

The bill alleges that the above mentioned contract was entered into between complainant and respondent's agent in 1928. From time to time various agency contracts were submitted to complainant, which contracts did not contain the full agreement between the parties, and were more a matter of form than anything else.

The current life insurance agency contract between complainant and respondent was executed 29 April 1952, and the life and health insurance agency contract was executed 6 April 1936. It is averred that these contracts do not contain the entire agreement between the parties, since the true agreement has been at all times that complainant had "an agency coupled with an interest" so long as he continued to deport himself respectably, maintain offices, and actively solicit business for the respondent.

The bill avers the two written contracts do not contain the entire agreement between the parties since it was understood that complainant would have a fixed percentage on all renewals on all business renewed as a result of appellee's efforts so long as appellee should live.

The bill further alleges that the respondent, without just cause or legal excuse, sought to terminate complainant's agency as of 1 April 1961; that the agency, "his policy holders, and the potential of the renewal business of his policy holders are valuable property rights."

Complainant avers that he has fully performed his agreement with respondent, and in this connection has entered into a lease that expires 1 November 1961 and will have to expend large sums on rentals, and will be "irrevocably" injured by the action of the respondent.

The bill also declares there is a need for a declaration of rights, status, duties and privileges of the parties under the arrangements between them since complainant avers his agency cannot be unilaterally terminated by the respondent as respondent claims.

The bill prayed for (1) a temporary injunction restraining respondent from cancelling the agency agreements of 29 April 1952, and 6 April 1936, (2) a temporary injunction restraining the respondent from interfering with the operations of complainant under the agreements, and (3) for general relief.

There are other prayers for relief predicated upon a final hearing. Such matters are not yet ripe.

On the day the bill was filed and presented Hon. W. C. Taylor, Judge of the Circuit Court of Mobile County, granted the temporary injunction as prayed for without notice or hearing, the injunction bond being set at $250.00. The bond being posted and approved, the writ of temporary injunction was issued on that same day.

Subsequently, and timely, the respondent filed a demurrer to the bill and also filed a motion to dissolve the temporary injunction, and a motion to discharge the same.

The motion to dissolve assigned some fourteen grounds, among which were:

"(1) the bill is without equity; (2) the Appellee has an adequate remedy at law; (3) the bill seeks specific performance of a personal services contract; (4) the bill seeks to enjoin the Appellant from terminating a contract for personal services; (5) the bill seeks to enforce an oral agreement that

is not to be performed within one year from the date it was made, in violation of the Statute of Frauds; (6) the bill seeks to very the terms of a written agreement by parole testimony."

Essentially the same grounds were assigned in support of the demurrer, and the motion to discharge.

The demurrer, motion to dissolve, and motion to discharge were submitted to and taken under consideration by the court, and on 23 July 1962, the court entered an order overruling the demurrer and denying the motions to dissolve and to discharge the temporary injunction.

From the orders denying the motions to dissolve and to discharge, the respondent perfected its appeal to this court.

We are not concerned with personal services which are unique, or peculiar to the person performing them, but with a contract for ordinary personal services. A court of equity will not order specific performance of such contracts. In fact, Section 55, Title 9, Code of Alabama 1940, specifically provides that an obligation to render personal services cannot be specifically enforced. Section 55, supra, merely reflects the rule long established by our decisions. As pointed out in our cases, the reason for the doctrine is that the employee has an adequate remedy at law, there is no mutuality of remedy, and a court of equity will not decree specific performance in a matter not capable of present performance. Hewitt v. Magic City Furniture & Mfg. Co., 214 Ala. 265, 107 So. 745, 44 A.L.R. 1441; Dimmick v. Stokes, 151 Ala. 150, 43 So. 854; Iron Age Pub. Co. v. Western Union Tel. Co., 83 Ala. 498, 3 So. 449; Electric Lighting Co. v. Mobile & S. H. Ry. Co., 109 Ala. 190, 19 So. 721.

By his pleading, the complainant has sought to bring himself within the rule that a principal is not permitted to revoke the authority of his agent where such authority is coupled with an interest. Chambers v. Seay, 73 Ala. 372; Buck Creek Cot-

ton Mills v. Stokely, 236 Ala. 146, 181 So. 100. However, a mere interest in the proceeds of a sale by an agent does not create an agency coupled with an interest, nor does the expenditure of money by the agent in promoting the agency purposes. Chambers v. Seay, supra; Buck Creek Cotton Mills v. Stokely, supra; Millican v. Haynes, 212 Ala. 537, 103 So. 564; Smith v. Brasseale, 213 Ala. 387, 105 So. 199.

While we have found no Alabama case in point, it seems to be uniformly held by our sister states that the right of an insurance agent to a percentage of renewal premiums and the incurring of expenses by the agent to promote the agency, does not create an agency coupled with an interest. See Andrews v. Travelers' Ins. Co., 24 Ky. L.Rep. 844, 70 S.W. 43; North Carolina State Life Ins. Co. v. Williams, 91 N.C. 69, 49 Am.Rep. 637 (1884); Ballard v. Travelers' Ins. Co., 119 N.C. 187, 25 S.E. 956 (1896); Mills v. Union Central Life Ins. Co., 77 Miss. 327, 28 So. 954 (1899); Scott v. Travellers' Ins. Co., 103 Md. 69, 63 A. 377 (1906); Professional & Business Men's Life Ins. Co. v. Salisbury, 238 F.2d 278 (10th Cir., 1956). We think such conclusion sound.

Here under the contract averred, the complainant acquired no interest in the defendant company, nor any interest in the policies he procured to be written. He was entitled only to a percentage of the original premiums and of the renewal premiums. In Millican v. Haynes, supra, it is said that commissions on future sales "are of necessity merely prospective and speculative, and as such are too remote to be recoverable."

Specifically, as to the right to renewal commissions being a vested right, the Kentucky Court of Appeals in Thurman v. Rodman, 206 Ky. 180, 266 S.W. 1047, wrote:

"That appellant's right to commissions on undue and unpaid renewal premiums was an unaccrued, prospective, and contingent one is at once ap-

parent from the fact that the right, by the inherent character of the thing to which it is attached, could not possibly ripen into an absolute right, unless and until the renewal premiums were paid by the insured to the company, a contingency which might or might not happen."

In view of the above principles, the averments in the bill that complainant would "have a lifetime agency" and "would acquire a vested interest in a fixed percentage of all renewal premiums" written by the agency, and that complainant had "an agency coupled with an interest," are mere conclusions and cannot avail the complainant, the contracts themselves failing to create such agency. Chambers v. Seay, supra; Blount County Bank v. Brice, 209 Ala. 670, 96 So. 769.

The complainant having an adequate remedy at law for the alleged breach of the contracts between himself and the respondent, the bill must be deemed to be without equity. A bill without equity will not support an injunction of any kind under any circumstances. Loop National Bank of Mobile v. Cox, 255 Ala. 388, 51 So. 2d 534; Pearson v. Duncan & Son, 198 Ala. 25, 73 So. 406, 3 A.L.R. 242; Wallace v. Lindsey, 270 Ala. 401, 119 So.2d 186; Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591; McHan v. McMurry, 173 Ala. 182, 55 So. 793; Gibson v. Elba Exchange Bank, 264 Ala. 502, 88 So. 2d 163.

It results that the court below erred in denying the respondent's motion to dissolve the temporary injunction.

Several other points are argued as constituting error. Being clear to the conclusion that the matters above written to are conclusive of this appeal, we pretermit consideration of these points.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.