# M. M. GUTHRIE v. CHRISTIAN HAGEN AND ANOTHER.[1]

April 9, 1925.

No. 24,453.

**Action of court when printed record is neither full nor fair.**

1. When the printed record does not contain all the evidence of the settled case nor is a fair and full condensation thereof into narrative form, as provided by subdivision 2 of rule IX, this court will not consider whether the verdict has sufficient support.

**Mitigation of damages against defaulting tenant.**

2. Where a tenant of a rented farm after harvesting some of the crops and getting the others about ready for harvest, without legal excuse, leaves the same before the end of the term, and the lessor re-enters and appropriates the crops and then sues for the balance of the rent, the lease containing a clause that re-entry for condition broken shall not work a forfeiture of the rent, the value of the crops less the expenses of the lessor in marketing and getting them ready for the market goes in mitigation of the damages recoverable.

**Charge to jury sustained.**

3. The charge of the court was in substantial conformity with the rule stated, and the errors assigned thereon are not sustained.

**Denial of new trial sustained.**

4. No abuse of discretion occurred in denying a new trial on the ground of newly discovered evidence.

[1]Reported in 203 N. W 216.

*Headnote 1.   See Appeal and Error, 4 C. J. p. 535, § 2329.
Headnote 2.   See Landlord and Tenant, 36 C. J. p. 455, § 1358 (1926 Anno).
Headnote 3.   See Landlord and Tenant, 36 C. J. p. 451, § 1355.
Headnote 4.   See New Trial, 29 Cyc. p. 873.

Action in the district court for Steele county to recover balance of rent. The case was tried before Peterson, J., and a jury which returned a verdict in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Leach & Leach*, for appellant.

*F. G. Sasse* and *R. A. Dunnette*, for respondents.

HOLT, J.

Plaintiff appeals from an order denying a new trial.

The suit was for the balance of the cash rent defendants had agreed to pay for a year's lease of plaintiff's farm. The answer averred larger payments than conceded in the complaint and also alleged that plaintiff re-entered on the leased premises before the crops were harvested and, with the consent of defendants, took and assumed control of such crops, specifying the amount and value, but did not credit defendants therewith. The value of the crops so taken was alleged to exceed the balance due on the rent. The reply was a general denial. The evidence shows that in the middle of September, when some of the crops had been harvested and the balance were ready to be harvested, defendants left and went to South Dakota, notifying plaintiff that they so did because he persisted in taking all instead of one-half of the cream checks as the lease provided, so that they had nothing on which to live. The verdict was for defendants.

There are several assignments of error challenging the sufficiency of the evidence to support the verdict. Only short excerpts of the settled case are in the printed record or paper book. These are so meagre that we cannot take them to be all of the testimony bearing upon the amounts and values of the different items of crop appropriated by plaintiff, or upon disputed items of payments. De

fendant objects to a consideration of errors thus assigned, and that justly. Plaintiff has not in substance complied with subdivision 2 of Rule IX, 120 Minn. XXIV, which authorizes an abridgment in the printing of the settled case, or of its contents if reduced to a narrative form, only where the sufficiency of the evidence is not challenged. This being the rule, the attorneys should not expect this court to examine the typewritten settled case in order to pass on the sufficiency of the evidence, and we decline to do so. Watre v. G. N. Ry. Co. 127 Minn. 118, 149 N. W. 18.

The chief ground of attack is that, since defendants without legal excuse abandoned the rented premises, plaintiff, as landlord, had the right to enter and take possession of the crops as his own, hence no credit should be given defendants for the value thereof. Kiplinger v. Green, 61 Mich. 340, 28 N. W. 121, 1 Am. St. 584, is cited, where it was held that a tenant by abandoning the premises yielded up his right to the crop. The growing crop became a part of the land and went with it. This no doubt is the law where subsequent to abandonment the tenant asserts title to the crop.

But we think there is another well-established rule to be applied here. Plaintiff as landlord seeks to enforce a covenant of the lease and recover the rent for the full term, although he has taken possession and appropriated crops harvested by the tenants and some ready for harvest. The lease provides that, in case of defendants' failure to fulfil any of their agreements, plaintiff may reenter and take possession of the rented premises and hold and enjoy the same, without such re-entering working a forfeiture of the rents to be paid for the full term of the lease. Re-entry, because of abandonment by the tenant or because of his failure to perform his covenants, terminates the estate of the tenant, but the agreement to make the stipulated payment survives under the provision mentioned. However, after the leasehold is thus terminated by re-entry, there can be no right to rent, strictly speaking, but only an action for damages for failure to make the payment. Hall v. Gould, 13 N. Y. 127. In such a re-entry, the lessor being protected by the provision of nonforfeiture of rents, if he lets the premises for the

balance of the term to another, and then sues the first tenant for the unpaid balance of the stipulated rent, the law is well-settled that the rent received for the remainder of the term must be applied in reduction of the damages. In Galbraith v. Wood, 124 Minn. 210, 144 N. W. 945, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B, 609, Justice Bunn speaking of a stipulation as in this lease says: "the tendency of the decisions is to hold it valid, and to continue the liability of the tenant in spite of the termination of the lease. Such liability is for any deficiency in the amount of rent obtained on a lease to another. I Tiffany, 1175 et seq. and cases cited. This is not strictly a liability for rent, but a contractual liability based upon the agreement in the case." Grommes v. St. P. T. Co. 147 Ill. 634, 35 N. E. 820, 37 Am. St. 248; Central Inv. Co. v. Melick, 267 Ill. 564, 108 N. E. 681; International T. Co. v. Weeks, 203 U. S. 364, 27 Sup. Ct. 69, 51 L. ed. 224.

There was here no letting to another and receipt of rent, but there were crops, some of which were harvested and others ready for harvest, the re-entry occurring in the middle of September. The lease, receipting for $50 paid upon its execution, states: "The balance of rent is to be paid from time to time as stock and crop and cream is sold." It was expected that the rent should be paid out of the property which plaintiff appropriated. And under the rule that a party claiming damages for the breach of a contract must have so acted after the breach as to mitigate rather than enhance them, it was plaintiff's duty to apply what was realized above his expenses out of the crop in reduction of the claim. Hewson-Herzog Supply Co. v. Minnesota B. Co. 55 Minn. 530, 57 N. W. 129, so holds, and therein it is also said that the party injured by the breach, especially after receiving notice that the other party is unable to perform, is in duty bound to save the defaulting party, as far as it is in his power to do so, all further damages, "though the performance of this duty may call for affirmative action. " Here defendants notified that they were unable to go on because of his action in taking all instead of half of the cream checks as provided in the lease.

The portions of the charge of the court complained of were virtually in line with the principle stated in the Hewson case, supra., and it seems to us immaterial whether the term "abandonment" was used by the court in a strict legal sense or not. It is plain that defendants, in leaving, expected that plaintiff would accept the crops as they left them to him in satisfaction of all demands against them. In this they were mistaken in view of the terms of the lease, but, in law, they were entitled to have plaintiff apply upon his claim the value of the crops appropriated less the expense in marketing or making the same marketable.

In refusing a new trial on the ground of newly discovered evidence the trial court has a rather wide discretion. One of the items of such evidence was here directed to a disputed payment of $50. Plaintiff knew the lease stipulated that the rent payments should be made at the bank and also that defendants claimed more had been made than plaintiff admitted. Plaintiff should therefore have anticipated that defendants might attempt to show payments at the bank, as they did. It cannot be held it was abuse of discretion to deny a new trial on account of the alleged newly discovered evidence from the cashier of the bank regarding this $50 payment, which it is not even certain was included in the verdict rendered. The other alleged newly discovered evidence was from a thresher who threshed the oats. No excuse was or could be offered for his not being subpoenaed for the trial.

The order is affirmed.