THE JULIAN GOLDMAN STORES, INC., Plaintiff, *v.* DAVID H. MITCHELL and Another, Defendants.

Supreme Court, Chemung County, December 23, 1925.

**Unfair competition — action to restrain defendant from working for competitor of plaintiff — plaintiff, owner of chain stores, employed defendant as branch manager under agreement that defendant would not divulge business methods or enter employ of competitor for five years after termination of services — defendant's services were not unique — defendant entered employ of competitor in another city — no facts showing unfair competition — injunction pendente lite denied.**

An injunction *pendente lite* will be denied in an action by the owner of chain stores to restrain the defendant from entering the employ of a competitor, since it appears that, while the defendant was employed by the plaintiff under a contract which provided that defendant would not divulge any business methods or trade

secrets and would not enter the employ of a competitor for five years after the termination of defendant's services, the defendant was employed by a competitor as a branch manager; that there were no trade secrets or secret formulas which defendant could reveal; that the defendant's services are not unique; and that the defendant did not enter the employ of plaintiff's competitor in the same city in which he worked for the plaintiff as branch manager.

APPLICATION by plaintiff for an injunction *pendente lite*, the motion having been brought on by an order to show cause which contained a clause enjoining the acts complained of pending the determination of the motion.

*Henry, Denton & McCann*, for the plaintiff.

*Gibbony & Miller* [*Stanchfield, Collin, Lovell & Sayles* of counsel], for the defendant.

RHODES, J.   Plaintiff operates a series of chain stores engaged in selling men's and women's wearing apparel, and has a store in the city of Elmira, N. Y., and another store at Greensburgh, Penn. The F. S. Fashion Stores, Inc., conducts a similar line of business and also has a store at Greensburgh, Penn., at the city of Elmira, N. Y., and at other places, the nature of the business being such that the stores of plaintiff and the stores of the F. S. Fashion Stores, Inc., are competitors.   For convenience the last named concern will be referred to hereinafter as the Fashion Stores.   The action is in form against the defendant Mitchell and said Fashion Stores, but service of the summons and complaint has not been made upon the said Fashion Stores and the plaintiff does not desire to prosecute the action against that party, so that the only defendant is said Mitchell.

The defendant was employed by the plaintiff in its store at Greensburgh, Penn., from the year 1922 and until on or about the 10th day of November, 1925.   Plaintiff claims that about the 24th day of June, 1925, it entered into a contract in writing with the defendant relative to defendant's employment by plaintiff whereby the defendant was employed as a branch manager, and in consideration thereof agreed that he would not engage in any other business while in the employ of plaintiff, and that upon the termination of his employment he would not divulge any of the business methods or trade secrets of the plaintiff or any information with respect to the business thereof which he had received while in the employ of plaintiff; " and also that upon the termination of his employment by the party of the first part [plaintiff], for whatever cause, he will not for a period of five years thereafter accept any employment from, or in any way become affiliated or connected with, either directly or indirectly, or in any way become

financially interested either directly or indirectly in any business or store in the same City or Cities in the United States in which the party of the first part owns or operates a store   *   *   *."

After the 10th of November, 1925, the defendant tendered his resignation to plaintiff, which resignation was accepted, and immediately left plaintiff's employ and thereafter entered into the employ of said Fashion Stores as general manager in its store in Elmira, N. Y. It appears that defendant was never employed in one of the Fashion Stores in Greensburgh, Penn.

Plaintiff is not seeking to compel defendant to work for it; in fact it appears that the plaintiff does not desire defendant's services. Neither does plaintiff insist that it has any trade secrets, in the sense of secret formulas, which the defendant could reveal. Plaintiff's contention is, however, that the defendant having been branch manager of plaintiff's store at Greensburgh, Penn., necessarily became familiar with its business and the conduct thereof; that by entering into the employment of a competitor the defendant is in a position to do serious harm to plaintiff's business to an extent constituting unfair competition.

It is apparent that defendant's services are not unique in the meaning applied to the services of a singer, actor or artist. The matter, therefore, resolves itself into the question whether the defendant having been branch manager of plaintiff's store in Greensburgh, Penn., and having thereafter entered the employ of a competitor in the city of Elmira, N. Y., where the defendant never had been employed before, thereby is causing, or is in a position to cause serious and irreparable damage and injury to plaintiff for which it has no adequate remedy at law. Many cases are cited in the very excellent briefs of the attorneys on both sides bearing upon situations both where injunctive relief has been granted, and wherein it has been refused, but it is unnecessary to analyze or refer to all of them. The rule applicable to this case is apparently clear and well settled.

In the case of *McCall Co.* v. *Wright* (198 N. Y. 143), which was an action for an injunction to restrain an employee from associating with a rival company, the court referred to the rule permitting an injunction against one who has sold a business under an agreement not to engage in a similar business in competition therewith, and said: " It would seem that there is no fundamental principle in favor of the validity and enforceability of such an agreement in the case of the sale of a business which would not sustain a contract on a good consideration prohibiting for a limited period an employee who has entered the employment and learned the business of one employer from carrying the benefit of the information

Supreme Court, December, 1925.                    [Vol. 126

and trade secrets thus acquired into the employment and maintenance of a competing business, and, as I read them, the authorities hold that a contract to prevent an employee from so doing may be enforced."

Have the acts of the defendant in entering the employment of the Fashion Stores been of such a nature as to constitute unfair competition, inflicting irreparable injury upon plaintiff for which it has no adequate remedy at law and of which equity will take cognizance? It might be possible for a person in defendant's situation to conduct himself in a manner constituting unfair competition calling for restraint by injunction, but no such facts are presented here except by way of surmise and inference. Defendant has been a branch manager of plaintiff's store at Greensburgh, Penn., where he was apparently engaged in selling merchandise to customers at retail on credit. So far as appears, he had never been in the city of Elmira until he entered the employment of the Fashion Stores. There is nothing to show in what way, if any, the experiences which he acquired while in plaintiff's employ, and the knowledge possessed by him of its business, are being used, or can be used, to plaintiff's detriment in the conduct of its retail store in the city of Elmira. While, as already stated, plaintiff might be entitled to injunctive relief if it appeared that defendant's acts were causing unfair competition to plaintiff's detriment, those facts should be shown clearly before the intervention of a court of equity by injunction may be obtained. This does not mean that the conduct of the defendant is approved wherein he has violated his promise contained in the written agreement and thus been guilty of commercial dishonesty. It simply means that upon the particular facts presented here equitable intervention by injunction is not the appropriate remedy even though the defendant has been guilty of dishonorable conduct; that whatever relief plaintiff may be entitled to must be sought in other remedies, or upon additional facts. It may be that upon the trial of the issues in this action facts may appear showing plaintiff to be entitled to an injunction, but I do not think the facts presented upon this motion are sufficient therefor.

The application for an injunction *pendente lite* is, therefore, denied, with costs.