## LABE SAFRO v. ARTHUR LAKOFSKY, ALSO KNOWN AS ART LASKY.[1]

October 23, 1931.

No. 28,662.

*Mead & Bryngelson,* for appellant.
*Cox, Weeks & Kuhlman,* for respondent.

HOLT, J.

The appeal is from an order granting a temporary injunction.

On January 3, 1930, plaintiff, defendant, and the latter's brother entered a contract whereby plaintiff agreed to act as manager for defendant, to diligently teach and train him to box and fight, to arrange for boxing exhibitions and fighting matches wherein defendant was to be a contestant, and to advance all moneys necessary for that purpose. Defendant agreed during the life of the contract, a period of five years, not to engage in any exhibition fights except such as were procured by plaintiff. Defendant agreed faithfully to train, and plaintiff agreed diligently to teach boxing and use his best efforts to obtain matches at such times and places as he should deem advisable. The net proceeds of all exhibitions or

[1]Reported in 238 N. W. 641.

boxing contests were to be divided thus: 25 per cent to plaintiff, 60 per cent to defendant, and 15 per cent to defendant's brother, who had the right to approve or disapprove any contest or fight plaintiff undertook to arrange for.

The issuance of a temporary injunction is largely in the discretion of the court below. But when it appears that no case can be made under the pleadings for any injunctive relief, it should be considered an abuse of discretion to grant a temporary injunction pending litigation. Is the contract of such nature that it can be specifically enforced; or, in other words, can defendant be enjoined from breaching his negative covenant not to engage in any "boxes, exhibition fights or theatrical performances except such as have been procured by" plaintiff?

Defendant's claim that the contract is illegal because in violation of the penal statute as to prize fights we consider without merit. This contract was made since the enactment of L. 1915, p. 492, c. 363 [G. S. 1923 (1 Mason, 1927) §§ 3251–3260] which created the athletic commission and authorized certain boxing contests and prize fights under the supervision of the commission. It must be considered that any contests so conducted are not in violation of the penal statute, G. S. 1923 (2 Mason, 1927) §§ 10286–10288. And we think it may also be presumed in favor of the contract that it was intended to be performed in conformity to L. 1915, p. 492, c. 363.

There is force in the contention that the contract created a partnership or joint enterprise; hence the remedy for violation of its terms is an action for dissolution and accounting and not for injunctive relief. But, for the purposes of this decision, we shall assume the contract to be one of employment, as plaintiff contends. In that aspect the rule with respect to injunctive relief is:

"In the case of contracts to render services requiring no special skill or qualification, a breach of the contract by the employee will not be enjoined, and this is also true although he has expressly agreed to work for no one else or to devote all his time to the service of complainant." 32 C. J. p. 200, § 309.

Among the cases cited to support the text are: Hewitt v. Magic City F. & M. Co. 214 Ala. 265, 107 So. 745, 44 A. L. R. 1441 (where employe sought to enjoin employer, and the court in denying injunction said there was lack of mutuality of equitable remedy, as here); Wm. Rogers Mfg. Co. v. Rogers, 58 Conn. 356, 20 A. 467, 7 L. R. A. 779, 18 A. S. R. 278; H. W. Gossard Co. v. Crosby, 132 Iowa, 155, 109 N. W. 483, 6 L.R.A.(N.S.) 1115 (one of Mr. Justice Weaver's able opinions); Corpin v. Wheatley, 227 App. Div. 212, 237 N. Y. S. 205; Julian Goldman Stores, Inc. v. Mitchell, 126 Misc. 229, 214 N. Y. S. 3; Cort v. Lassard & Lucifer, 18 Or. 221, 22 P. 1054, 6 L. R. A. 653, 17 A. S. R. 726; Philadelphia Ball Club, Ltd. v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L. R. A. 227, 90 A. S. R. 627; Chain Belt Co. v. Von Spreckelsen, 117 Wis. 106, 94 N. W. 78; Columbia College of Music v. Tunberg, 64 Wash. 19, 116 P. 280.

Here, if plaintiff be considered the employe, there is nothing in the contract which requires him to devote his whole time and efforts to training defendant and arranging matches for him. Nor are there any allegations showing such unique skill and proficiency in plaintiff as a trainer of prize fighters or as an arranger of prize fights that equity should specifically enforce his contract obligations or enjoin him from breaching them.

And if defendant be considered the employe, there are no allegations or showing of any such unique skill or proficiency on his part in the line of boxing, sparring, prize fighting, or theatrical exhibitions that plaintiff, considered as employer, should be entitled to enjoin him from engaging in sparring matches or prize fights arranged by others than plaintiff. There are no allegations of any peculiar skill or prowess on defendant's part as a boxer or prize fighter; there is nothing to show him to be a John L. Sullivan, a Corbett, a Dempsey, a Tunney, or a Gibbons, or even an embryo prize fighter of any promise whatever. Defendant does not come within the rule so clearly stated in the cases above cited. He is not shown to be possessed of the ability to render so unique or peculiarily personal services that plaintiff will be irreparably damaged if he breaches the contract. There may be hundreds of other young men so favorably inclined to train for prize fighting contests

that plaintiff will have no difficulty to employ them under as favorable a contract as the one here involved. We are of the opinion that upon this record there is no ground stated for an injunction, either temporary or permanent.

There is another objection by defendant, viz. that there are three parties to the contract, one of whom is not made a party to this suit; but, since the grounds already pointed out make for a reversal of the order, it is not necessary to consider the objection mentioned.

Respondent in a supplemental brief cites several cases where the court enjoined breaches of contracts; but none relate to contracts for personal services except Philadelphia Ball Club, Ltd. v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L. R. A. 227, 90 A. S. R. 627, where the court held the services of an outstanding ball player unique.

The order is reversed.