# ANTON NEWBERG v. WILLIAM CONLEY.[1]

January 12, 1934.

Nos. 29,668, 29,700.

*D. T. Collins* and *P. L. Farnand,* for plaintiff.
*C. E. Berkman,* for defendant.

*LORING, Justice.*

This was an action to recover unpaid instalments of rent under the provisions of a written lease which provided for reëntry by the

[1]Reported in 252 N. W. 221.

landlord without the forfeiture of rent for the remainder of the term of the lease. Recovery was also sought for rent accruing prior to the time when the defendant vacated the premises at the request of the landlord on account of his failure to pay rent. There is no dispute as to the plaintiff's right to recover up to the time when the defendant vacated the premises. The jury found in favor of the plaintiff as to the rent accruing after the plaintiff resumed possession of the premises, deducting the rent which plaintiff had received from a new tenant.

■ The jury in its verdict gave no interest on the sums involved. It was conceded that the first item of rent amounted to $225 with interest at six per cent from the first day of November, 1927, and it was further conceded that the second item, if found in plaintiff's favor, amounted to $795 with interest from December 1, 1930. Notwithstanding these concessions and the instructions of the trial court, the jury disregarded the items of interest and returned a verdict which covered the two principal sums only. The plaintiff moved the trial court to correct the verdict by including the interest. This motion was denied, and the plaintiff has appealed. Obviously this is not an appealable order, and the question which the plaintiff seeks to raise is not before us.

■ The defendant moved for judgment notwithstanding the verdict or a new trial and has appealed from the order denying that motion. The questions which he raises upon the appeal are that the verdict, in so far as it relates to the $795 item, is not justified by the evidence and that the verdict is, on its face, a compromise verdict and perverse.

The lease under which the defendant was occupying the plaintiff's premises provided that upon failure to pay rent the lessor might reënter and take possession of the premises immediately or might, at his option, make such reëntry without working a forfeiture of the rent to be paid by the lessee for the remainder of the term of the lease. It is under this last provision that the plaintiff seeks a recovery of the $795 item which is his net loss after deducting the rent collected from his new tenant during the term for which the defendant's lease ran. Such clauses have usually been upheld by

the courts and are held to continue the liability of the tenant in spite of the termination of the lease.

"Such liability is for any· deficiency in the amount of rent obtained on a lease to another. 1 Tiffany, 1175 et seq. and cases cited. This is not strictly a liability for rent, but a contractual liability based upon the agreement in the case." Galbraith v. Wood, 124 Minn. 210, 216, 144 N. W. 945, 948, 50 L.R.A.(N.S.) 1034, Ann. Cas. 1915B, 609; Guthrie v. Hagen, 162 Minn. 447, 450, 203 N. W. 216.

In November, 1927, when the defendant was in default in the sum of $265, the plaintiff caused his attorney to write the defendant a letter, demanding· immediate vacation of the premises. This letter did not indicate the reason for which such demand was made, but it is quite apparent from the record that both parties understood that it was on account of nonpayment of rent. The defendant under cross-examination quite frankly conceded that. The plaintiff later endeavored to collect the rent due up to the time of defendant's vacation of the premises and rendered a statement of the moneys due him covering only the rent up to the time of such vacation. The trial court allowed the plaintiff to testify that it was not his intent to waive his rights under the provision of the lease under which he now seeks to recover and submitted the question of his intention to· the jury as the principal one for them to determine in arriving at a verdict in so far as the $795 item was concerned. As we view the record, it does not require a finding that the plaintiff waived his rights under this clause of the lease, and in our opinion the jury was entirely justified in finding in favor of the plaintiff upon this item.

■ Neither do we think that the verdict was perverse. The omission of the interest was apparently an oversight on the part of the jury. Their purpose to find against the defendant on both of the items which were involved is perfectly clear from the amount of the verdict. That being the case, they should have allowed interest. Their failure to do so could well have been corrected at the time the verdict was brought in and probably would have been if the

court's attention had been called to it. We do not here pass upon the court's right to correct the verdict at a later time because that question is not before us.

The appeal of the plaintiff is dismissed; the order from which the defendant has appealed is affirmed.