# LABE SAFRO v. ARTHUR LAKOFSKY, ALSO KNOWN AS ART LASKY.[1]

May 11, 1934.

No. 29,770.

[1]Reported in 255 N. W. 94.

See 184 Minn. 336, 238 N. W. 641.

*Cox, Weeks & Kuhlman* and *Donald F. Pratt,* for appellant.

*Leonard, Street & Deinard,* for respondent.

*JULIUS J. OLSON, Justice.*

Appeal from an order denying plaintiff's motion for new trial.

This was a suit (1) for a permanent injunction restraining defendant from engaging in any professional boxing contracts or theatrical engagements except under plaintiff's management and in accordance with a written contract between the parties to this cause, (2) for an accounting and judgment against defendant for plaintiff's alleged share of purses received by defendant in boxing matches referred to in the complaint, and (3) for such further relief as to the court might seem just.

A temporary injunction in conformity with plaintiff's prayer for relief was granted by the trial court. This court reversed. Safro v. Lakofsky, 184 Minn. 336, 238 N. W. 641.

The cause was heard on the merits thereafter, and on March 13, 1933, findings and order for judgment were made that "plaintiff take nothing by this action" and that defendant have judgment. On July 24, 1933, the court made an order denying plaintiff's motion for amended findings and conclusions. On August 11, 1933, the court, "pursuant to the stipulation of the parties hereto and in accordance with the agreement entered into between the court and counsel," made an order that "the order of July 24, 1933, may be and hereby is modified *nunc pro tunc* by amending and supplementing the findings of fact filed herein on March 13, 1933. That in all other respects the said alternative motion of plaintiff be and hereby

534

is denied." The court then proceeded, in the same order, so to amend and supplement the same. Summarized, the findings are:

(1) That on the third day of January, 1930, plaintiff and defendant entered into a contract whereby plaintiff undertook to teach boxing to defendant and defendant engaged plaintiff so to do; that plaintiff would advance to defendant necessary moneys in obtaining exhibitions and matches for defendant, who agreed not to box or engage in any exhibition, fight, or theatrical performance except those provided for by plaintiff; that out of the earnings of defendant plaintiff would receive 25 per cent of the net proceeds of the enterprise engaged in; that defendant should receive 60 per cent and that one Morris Lakofsky, designated as party of the third part, should receive 15 per cent.

(2) Defendant on the 14th day of January, 1930, wilfully breached said contract and refused to permit and prevented plaintiff from doing or performing any of the things provided for plaintiff to do as set forth in the contract; that during all of the time since January 3, 1930, plaintiff has kept himself ready, able, and willing to perform the terms of his contract, but ever since the 14th day of January, 1930, defendant has persisted in his refusal to permit plaintiff to perform thereunder; that on or about the tenth day of January, 1931, plaintiff commenced an action in the municipal court of the city of Minneapolis seeking to recover from defendant his share of certain purses earned by defendant after the execution of said contract; that on March 4, 1931, said cause was duly tried and resulted in a verdict for plaintiff.

(3) That on December 24, 1931, judgment was entered for the amount of the verdict, interest, and costs and was duly paid by defendant.

(4) After January 3, 1930, and intermittently up to the present time, defendant has engaged in professional prize fights and has thereby earned substantial sums of money above training expenses. That both plaintiff and defendant have some degree of skill in their respective callings.

As conclusions of law the court determined that the contract was entire and indivisible; that plaintiff's remedy thereunder was ex-

hausted by the municipal court action; that plaintiff take nothing by this action; and that defendant have judgment for his costs, etc. The record here for review contains no part of the evidence offered or received at the trial. It is limited to the pleadings, a motion for amended findings and conclusions, motion for new trial, the findings of the court (as finally amended and supplemented), and order denying plaintiff's motion for new trial. Under these circumstances it necessarily follows that our review is limited to (1) whether the conclusions of law are justified by the findings of fact, and (2) whether there was error on the part of the trial court in refusing to make the additional findings submitted.

At the time of the oral argument plaintiff freely conceded that if the contract here involved was not one of employment plaintiff cannot prevail in the present action. The view we take of the case is such as to make further discussion of other assigned errors unnecessary.

To understand just what the contract is it perhaps is desirable that the same be taken up and considered in more detail than has heretofore been attempted. Substantially, these are the requirements to be performed by plaintiff: To be the manager for the defendant and diligently to teach and train him to box, spar, and fight; to arrange for boxing exhibitions and fighting matches; to take full and complete charge of the training of defendant for such boxing exhibitions and fighting matches; to advance all moneys and expenses necessary in obtaining exhibitions and matches; and to advance all necessary expenses for his training preparatory to the same. He further agrees to use his best efforts in obtaining boxing contracts, theatrical engagements, and fight matches. Upon performance of all these requirements plaintiff is to receive 25 per cent of the net proceeds "of said enterprise," division of "profits" to be made "forthwith after each and every fight * * * or at such time as the proceeds * * * shall be received by" him. From the "gross profits" are first to be deducted all training and other expenses paid or incurred by plaintiff. The balance of the "net proceeds" is to go, to the extent of 15 per cent thereof, to the "party of the third part" and the remaining 60 per cent thereof to the

defendant. It is further agreed that plaintiff "cannot sell or assign his interest in this contract without first obtaining the written approval and consent of the parties of the first and third parts."

The defendant obligates himself as follows: That during the lifetime of the contract he will not make any other contracts of like nature nor engage in any boxing or exhibition fights or theatrical performances except such as have been procured by plaintiff; that he will fulfill all boxing contracts and fights made in his behalf by plaintiff; and that he will faithfully and conscientiously train for the same.

The third party is given the "right and privilege of approving any and all exhibitions, matches or theatrical engagements, and that no such exhibitions, matches and theatrical engagements shall be made by party of the second part [the plaintiff] without first obtaining the approval of" the third party, who is also to aid and assist the plaintiff in managing and promoting the professional career of the defendant. (It may be here noted that the third party to the contract is not a party to this action.)

When the case was here before, Mr. Justice Holt said (184 Minn. 337, 238 N. W. 641, 642):

"There is force in the contention that the contract created a partnership or joint enterprise; hence the remedy for violation of its terms is an action for dissolution and accounting and not for injunctive relief."

The present action is for an "accounting and injunctive relief." Viewing the contract anew, the characterization seems entirely proper. It contains everything that goes into a joint enterprise. There is very little, if anything, that can be said to be in the nature of a contract of employment. Who is the employer and who is the employe? Where is the right of control? Plaintiff claims he is the employe, yet the contract not only deprives defendant of control over the trainer (plaintiff) but vests control in plaintiff over defendant. He is required "to fulfill all boxing contracts and fights made in his behalf" by the plaintiff. During the five-year period covered by the contract defendant cannot engage in any

boxing matches, exhibition fights, or theatrical performances except as procured by plaintiff, who is to use his best efforts in procuring such engagements "at such times and places" as he (plaintiff) "shall deem advisable." We think, without further discussion, that the contract is one of joint enterprise or adventure. See 15 R. C. L. 500, et seq; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4948b, et seq., and cases cited under note 16. This being so, in view of counsel's own admission, it is obvious that in the case determined in and by the municipal court, between the same parties, upon this contract, and involving a breach thereof, all remedies were therein and thereby exhausted.

Nor is there anything in the record before us justifying the belief that the result reached in the municipal court established this contract as being one of employment rather than something else. The issue in that respect was not so made by the pleadings. There is nothing in the record indicating that any such issue was litigated by consent.

Plaintiff moved for certain amended findings and conclusions:

(1) That defendant earned out of his boxing and other engagements (subsequent to the earnings or income included in the municipal court action) a sum sufficient to require an award to plaintiff of $1,600.35; and (2) "that defendant is possessed of unique skill and proficiency in the science of boxing and prize fighting and is a potential contender and prospect for the heavyweight championship of the world, and that plaintiff is a competent boxing instructor, trainer and manager and a fit and suitable person to perform the duties assumed by him under the terms of said contract"; and, as conclusions of law, that he have judgment in the sum of $1,600.35, with interest and costs; that, to avoid a multiplicity of suits, the court enjoin the defendant from engaging in any professional boxing contests or appearing in any theatrical engagements excepting under the management and direction of plaintiff.

In view of the limited scope of the review permitted here, the evidence not being before us in whole or in part, it necessarily follows that we cannot, even if so disposed, give consideration to the

refusal of the trial court to make the additional findings or conclusions requested. This court "will not review the decision of a lower court upon any question of fact unless the record contains all of the evidence introduced on the trial pertaining to such question. It is an unvarying rule that a decision, resting on conclusions drawn from the evidence, will not be reversed where such evidence is omitted from the record. The general rule applies to documentary evidence." 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 343.

Order affirmed.

[1]Reported in 254 N. W. 810.