JOHN O. TRUESDALE AND ANOTHER, INDIVIDUALLY
AND d.b.a. MIDWAY TRUCK STOP, AND OTHERS v.
HYMAN J. FRIEDMAN AND OTHERS.

127 N. W. (2d) 277.

March 6, 1964—No. 39,171.

*Leonard, Street & Deinard, Harold D. Field, Jr.,* and *Jeremy C. Shea,* for appellants.

*Firestone, Fink, Krawetz, Miley & O'Neill* and *Joseph T. O'Neill,* for respondents.

PER CURIAM.

This is a motion to dismiss a pending appeal or in the alternative for an order limiting the issues to be considered on appeal. It appears that the action involves claims of respondents against appellants for

damages resulting from breach of warranty or fraud in the sale of allegedly inferior gasoline and oil products. Respondents prevailed and appellants appeal from the trial court's order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The transcript of the evidence consists of 630 typewritten pages which has been condensed to 35 printed pages in the record submitted. Appellants have not printed any of respondents' 47 exhibits and have printed only 3 of their 18 exhibits. Respondents claim that the printed record is insufficient to properly present for review the issues raised by the assignments of error. They contend that these assignments require a review of the record as to the sufficiency of the evidence to support the verdict. Appellants, on the other hand, assert that the principal issue on appeal "does not involve any question of the sufficiency of the evidence." They concede that two of the remaining issues raised do involve the sufficiency of the evidence, but state that both questions are narrowly defined and involve only a small portion of the evidence taken and can be fully reviewed on the abridged record.

Since an increasing number of premature and unnecessary applications for relief are being made directly to this court, certain observations should be made.

■ An appellate court is not obligated to examine a transcript and exhibits preliminary to the submission of an appeal so as to determine a controversy between counsel as to what material should be included in the record for review.

■ It is elementary that the party seeking review has the duty to see that the appellate court is presented with a record which is sufficient to show the alleged errors and all matters necessary for consideration of the questions presented. 4 Am. Jur. (2d) Appeal and Error, §§ 399, 431, 435.

■ This court has not, under its rules, reserved for itself supervisory functions in connection with the preparation of the record for appeal. We pointed out in In re Estate of Olson, 176 Minn. 360, 363, 223 N. W. 677, 678, that it purposely did not attempt to do so, and went on to say:

"* * * It leaves it to counsel and their traditional spirit of fairness

and accommodation to shorten the printed records just as much as circumstances will permit without jeopardizing the arguments to be advanced here."

It is assumed that counsel will prepare and present briefs and records in accordance with our rules without supervision. The obligations as applied to this particular situation are stated in Supreme Court Rule VIII(2), (222 Minn. xxxii), which provides that even where the sufficiency of the evidence is involved *"only that pertinent to the issues to be presented need be printed. * * * All matters in the return not necessary to a full presentation of the questions raised by the appeal shall be excluded from the printed record,* and to that end the material testimony may be printed in narrative form, immaterial parts thereof omitted, and documentary evidence condensed." The rule then goes on to provide, "If the respondent deems the record so printed not sufficiently full to present properly the merits of the appeal, he may print a supplemental record, or instead in his brief refer to the folios or pages in the settled case, the original of which will be on file in this court, which he deems necessary and important."

Appellants claim they have complied with this rule. The respondents do not agree and further argue that appellants' failure to provide a proper record will unreasonably subject them to expenses which they cannot afford because they are in receivership and without funds. We do not conceive it to be our duty at this stage of the litigation to arbitrate the parties' differences. Rule VIII comprehends that counsel themselves should resolve such differences.

■ It seems to us that in the preparation of appeals to this court counsel should keep in mind that briefs and records should be reduced to a minimum consistent with a full review of the alleged errors. Brevity in the preparation of a record is to be encouraged where possible, and ordinarily, testimony should be condensed to narrative form. The practice of printing the entire record of proceedings in the lower court, including those which have no relevance to the issues for review, should be discouraged. Counsel on appeal should make effort to summarize the material and relevant evidence in narrative form and

thus obviate the expense of printing and imposition on the court's time of reading and examining a great deal of useless material.

■ In the preparation of the record for appeal there should be no necessity for opposing counsel to deal at arm's length. Professional courtesy would require that they confer and agree, if possible, so that the record presented is the product of their common views as to the material necessary for the court to review the issues involved.

We said in Webster v. Schwartz, 262 Minn. 63, 67, 114 N. W. (2d) 280, 282:

"* * * An appeal is not a unilateral transaction devoted exclusively to the complaining party and allowing him to set forth only those portions of the record that he feels may best aid his case."

In the same case we said (262 Minn. 69, 114 N. W. [2d] 283):

"It is always commendable for counsel to stipulate among themselves as to the necessary requirements of a settled case."

■ Beyond emphasizing the need for professional responsibility to present a proper record on appeal, some mention might also be made of the hazards of failing to do so. In Seerup v. Swanson, 223 Minn. 230, 231, 26 N. W. (2d) 33, we said:

"* * * This court in its discretion and on its own motion may dismiss an appeal for failure of an appellant to include in the printed record such an abridgement or abstract of the settled case as is essential to a proper consideration and understanding of the questions raised by the appeal. The inclusion in the printed record of an adequate abridgement of the material evidence and rulings involved in the trial below, though essential to a proper consideration of the issues by *all* members of the appellate court, is not merely for the convenience of this court, but is necessary to enable counsel to bring their briefs and oral arguments into focus with respect to the points in issue."

The motion is denied subject to the right of the respondents to renew it at the time of oral argument.