*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0251**

TE Miller Development LLC,
Respondent,

vs.

Corey Devante Jones,
Appellant,

John Doe, et al.,
Defendants.

**Filed November 3, 2025**
**Affirmed**
**Ede, Judge**

Blue Earth County District Court
File No. 07-CV-25-314

Christopher T. Kalla, Douglass E. Turner, Hanbery & Turner P.A., Minneapolis, Minnesota (for respondent)

Corey Devante Jones, Mankato, Minnesota (pro se appellant)

Considered and decided by Cochran, Presiding Judge; Smith, Tracy M., Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

This is an appeal from an eviction judgment for respondent landlord based on nonpayment of rent by appellant tenant. In challenging that judgment, appellant argues that the district court abused its discretion because (1) respondent's counsel engaged in

misconduct and (2) the eviction was retaliatory. Appellant also (3) asserts that respondent's purported failure to address certain affidavits that appellant filed in the district court amounts to concessions and (4) makes several arguments challenging decisions by the district court after appellant filed the notice of appeal. We affirm.

## FACTS

In July 2024, appellant Corey Devante Jones and a co-tenant entered an apartment lease with respondent TE Miller Development LLC. The lease provides that rent is due by the first of each month and that each tenant is jointly and severally liable for paying the full amount of the rent. And the lease states that all tenants are responsible for the entire rent each month, so if one tenant does not pay, the other tenant must pay in full.

In October 2024, Jones exchanged emails with a property manager for the apartment. Jones and the property manager discussed the co-tenant's impending move out of the apartment and removal from the lease, and Jones expressed his understanding that he could take over the lease if he paid the full amount of rent. And in December 2024, the property manager informed Jones that the co-tenant had been released from the lease due to his military service and that the full amount of rent would become Jones's sole responsibility.

Jones did not pay the full amount of January 2025 rent and TE Miller notified Jones of its intent to bring an eviction action. In late January, TE Miller commenced this action and sought to evict Jones for nonpayment of the January 2025 rent.

The matter proceeded to an eviction hearing. Jones asserted that TE Miller "filed this eviction . . . not because of nonpayment of rent, . . . but because of retaliation" for

2

"several complaints" that Jones said he had made "to government agencies, including [Housing and Urban Development], the United States Department of Justice, and the [Better Business Bureau]." Jones also claimed that "the debt ha[d] been settled on December 31, 2024." After TE Miller's counsel responded that Jones had not paid rent that was due, Jones stated both that he was "caught up on [his] rent" and that he "only owe[d] for February." TE Miller's counsel reiterated that Jones owed rent and that Jones was claiming that he was not jointly and severally liable for the total amount due. And TE Miller's counsel explained to the district court that, while Jones's co-tenant had been excused from the lease obligations based on military service, Jones remained responsible for paying the full amount of the rent. The district court ruled for TE Miller, gave Jones seven days to vacate the apartment, and told the parties it would grant TE Miller a writ of recovery.

On February 13, 2025, the district court filed findings of fact, conclusions of law, and an order for judgment. The district court found that Jones had not paid rent for January and February 2025 and ordered judgment for TE Miller to recover the premises. The February 13, 2025 order provides that, if Jones did not vacate the premises by February 17, 2025, the district court would issue a writ of recovery and an order to vacate. Judgment for TE Miller was entered the same day.

On February 14, 2025, Jones filed a notice of appeal from the February 13, 2025 eviction judgment.

**DECISION**

Jones argues that the district court abused its discretion in entering the eviction judgment for TE Miller because (1) respondent's counsel engaged in misconduct and (2) the eviction was retaliatory. In addition, Jones (3) asserts that TE Miller's purported failure to respond to certain affidavits that appellant filed in the district court amounts to concessions and (4) makes several arguments challenging decisions by the district court after Jones filed the notice of appeal.[1]

"On review of a district court order in an eviction action, we defer to the district court's findings of fact, and those findings will be upheld unless they are clearly erroneous." *NY Properties, LLC v. Schuette*, 977 N.W.2d 862, 864–65 (Minn. App. 2022). "As for mixed questions of fact and law, we correct erroneous applications of law but defer to the district court's ultimate conclusions, which we review for abuse of discretion." *Id.* at 865.

We address each of Jones's arguments below.

**I.     Jones has not demonstrated that TE Miller's counsel engaged in misconduct.**

Jones alleges that TE Miller's counsel committed misconduct in the underlying eviction proceeding by "knowingly pursu[ing] an eviction process that violated both state

---

[1] Jones also asks that we disregard TE Miller's appellate brief because it was filed after the deadline provided in the Minnesota Rules of Civil Appellate Procedure. But we previously granted TE Miller's motion for extension of time to file a late brief and ordered the brief filed. We decline to reconsider our decision. *See* Minn. R. Civ. App. P. 140.01 ("No petition for rehearing shall be allowed in the Court of Appeals.").

and federal law, misrepresenting key facts, and breaching professional ethics (Minn. R. Prof. Conduct 1.7)." These arguments are unavailing.

As a threshold matter, Jones's contentions are deficient because they are neither adequately briefed nor supported by legal authorities. *See State Dep't of Lab. & Indus. by the Special Comp. Fund v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (stating that appellate courts "decline to reach [an] issue in the absence of adequate briefing"); *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is [forfeited] and will not be considered on appeal unless prejudicial error is obvious on mere inspection."). And our inspection of the record before us reveals no obvious prejudicial error relating to the misconduct arguments Jones has raised.

TE Miller's counsel did not pursue an eviction action that violated the law. "A landlord may bring an eviction action for nonpayment of rent . . . ." Minn. Stat. § 504B.291, subd. 1 (2024). TE Miller's counsel provided evidence that rent was due on the first of every month, that Jones was responsible for the full amount, and that Jones failed to pay the total rent that was due. Consistent with applicable law, TE Miller's counsel provided evidence that Jones received notice of the basis for this eviction action. *See* Minn. Stat. § 504B.321, subdivision 1a(a) (2024) ("Before bringing an eviction action alleging nonpayment of rent . . . in violation of the lease, a landlord must provide written notice to the residential tenant specifying the basis for future eviction action."). And the notice that TE Miller provided Jones set forth the information required by statute, including the total

amount of rent due and the name and address of the person authorized to receive rental payments. *See id.* Although Jones cites Minnesota Rule of Professional Conduct 1.7, that rule does not apply because it concerns a prohibition on attorneys representing clients in situations involving a concurrent conflict of interest. Jones has not identified evidence in the record that such a conflict of interest exists, nor do we discern any basis for reaching that conclusion.[2]

Thus, we conclude that Jones has not demonstrated that TE Miller's counsel engaged in misconduct.

## II. Because Jones has not established that TE Miller's eviction action was retaliatory, the district court acted within its discretion in entering the February 13, 2025 judgment for TE Miller.

Jones challenges the February 13, 2025 judgment for TE Miller, arguing that it was invalid because the eviction action was in retaliation for issues relating to the parties' settlement negotiations. Because Jones has not established that the underlying eviction proceeding was retaliatory, we respectfully disagree.

Eviction is "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter." *Schuette*, 977 N.W.2d at 865 (quoting Minn. Stat. § 504B.001, subd. 4 (2020)). As discussed above, nonpayment of rent is one basis on which a landlord may bring an eviction

---

[2] Insofar as Jones's argument that TE Miller's counsel misrepresented facts implicates Minnesota Rule of Professional Conduct 3.3, which prohibits attorneys from making false statements of fact or law to the court, Jones has not specified which facts TE Miller's counsel mispresented. And the record defeats any claim that TE Miller's counsel misrepresented facts here.

action. Minn. Stat. § 504B.291, subd. 1. Nonpayment of rent may also be a nonretaliatory reason to bring an eviction action. *Parkin v. Fitzgerald*, 240 N.W.2d 828, 832 (Minn. 1976) ("A nonretaliatory reason is a reason wholly unrelated to and unmotivated by any good-faith activity on the part of the tenant protected by the statute (e.g., nonpayment of rent . . . ).").

TE Miller commenced this eviction action alleging that Jones had failed to pay rent. And TE Miller ultimately provided evidence of nonpayment to the district court. The settlement negotiations that Jones references are not in the record. Jones has provided no authority that settlement negotiations are protected for purposes of a retaliation defense, nor are we aware of such authority. *See, e.g.*, Minn. Stat. § 504B.441 (2024) ("A residential tenant may not be evicted . . . if the eviction . . . is intended as a penalty for the residential tenant's or housing-related neighborhood organization's complaint of a violation.").

"On appeal error is never presumed. It must be made to appear affirmatively before there can be reversal. . . . The burden of showing error rests upon the one who relies upon it." *Brozovich v. Comm'r of Revenue*, 17 N.W.3d 743, 749 n.5 (Minn. 2025) (quotation omitted). Indeed, "[a]s a general rule, appellant bears the burden of providing an adequate record." *Grundtner v. Univ. of Minnesota*, 730 N.W.2d 323, 334 (Minn. App. 2007) (quotation omitted). "The record must be 'sufficient to show the alleged errors and all matters necessary for consideration of the questions presented.'" *Id.* (quoting *Truesdale v. Friedman*, 127 N.W.2d 277, 279 (Minn. 1964)). As it stands, there is no evidence in the record of any protected conduct preceding the eviction action. Given the lack of such record

evidence, Jones has not established that the district court abused its discretion in failing to determine that the eviction action was retaliatory.

We therefore conclude that the district court acted within its discretion in entering the February 13, 2025 judgment for TE Miller.[3]

### III. Because Jones raises his affidavits argument for the first time in his reply brief, we decline to consider it.

Jones asserts that TE Miller failed to respond to "all material affidavits" that he "entered into the [district] court record without objection or rebuttal." He claims that three of his affidavits "collectively define the factual truth" of the case and that, because TE Miller did not counter them, this court "must treat these affidavits as [the] uncontested factual record."

Jones did not make this argument in his principal brief. The Minnesota Supreme Court has instructed that "raising issues for appeal in one's reply brief is not proper practice and is not to be permitted." *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 887 (Minn. 2010) (quotation omitted). "In the past, [the supreme court has] declined to consider issues raised for the first time in a reply brief . . . ." *Id.*

Because Jones raises the affidavits issue for the first time in his reply brief, we decline to consider it.

---

[3] Jones also asks that we issue a writ of mandamus "to correct the [district] court's legal violations." But by making this request in his appellate brief rather than by separate petition, Jones did not follow the requisite procedure for obtaining a writ of mandamus. Minn. R. Civ. App. P. 120.01 ("Application for a writ of mandamus . . . in the Court of Appeals directed to a trial court shall be made by petition."). Because it is not properly before us, we decline to address Jones's request for a writ of mandamus.

**IV.    We do not consider Jones's challenges to decisions by the district court concerning a stay pending appeal or security for the stay.**

Finally, Jones contends that the district court abused its discretion by entering an order staying the underlying eviction proceedings during the pendency of this appeal contingent on Jones posting a supersedeas bond. Jones also asserts that the district court acted outside its discretion by allowing eviction-enforcement efforts to proceed after the bond was not posted, during the pendency of this appeal and a bankruptcy action that Jones filed. Jones argues that the district court lacked jurisdiction and violated a purported automatic stay resulting from the bankruptcy proceedings.[4]

These arguments seek review of the district court's decisions on Jones's request for a stay pending this appeal. *See* Minn. Stat. § 504B.371, subds. 3, 4 (2024) (providing that, "[a]fter an appeal is taken, all further proceedings in the case are stayed," but, if an appellant remains in possession of the property, they must give a bond that provides that "(1) all costs of the appeal will be paid; (2) the party will comply with the court's order; and (3) the regular rent due to the party excluded from possession during the pendency of the appeal will be paid as that rent accrues"); *see also* Minn. R. Civ. App. P. 108.02, subd. 1 (requiring a party seeking a stay pending appeal to request such relief first in the district court). The appropriate way for a party to seek review of a district court's decision as to a stay pending appeal is by filing a motion in this court under rule 127 of the Minnesota

---

[4] Apart from his appellate briefs, Jones also filed a "Notice of Jurisdictional Violation and Emergency Preservation Request," which advances similar contentions and asks that, among other things, we take judicial notice of a writ of recovery and other documents filed in the district court after Jones filed the notice of appeal.

Rules of Civil Appellate Procedure. *See* Minn. R. Civ. App. P. 108.02, subd. 6 ("On a motion under Rule 127, [we] may review the [district] court's determinations as to whether a stay is appropriate, the terms of any stay, and the form and amount of security pending appeal."); *see also* Minn. R. Civ. App. P. 127 ("Unless another form is prescribed by these rules, an application for an order or other relief shall be made by serving and filing a written motion for the order or relief."). Our special term panel rules on such motions for review of stay decisions and conditions.

Because Jones has not followed the requisite procedure in challenging stay decisions by the district court after he filed the notice of appeal, we do not consider these arguments. We observe, however, that it does not appear that any of Jones's arguments have merit in any event.[5]

**Affirmed.**

---

[5] In a citation of supplemental authority filed pursuant to Minnesota Rule of Civil Appellate Procedure 128.05, Jones asserts that our recent decision in *Murphy v. Aeon*, 24 N.W.3d 679 (Minn. App. 2025), *rev. denied* (Minn. Aug. 27, 2025), is "pertinent to the equitable issues raised in this appeal, particularly the absence of a monetary judgment and the unresolved nature of equity." The appeal in *Murphy* arose from a combined lockout petition and emergency tenant remedies action (ETRA) brought by the appellant tenant under Minnesota Statutes sections 504B.375 (2024) and 504B.381 (2022) after the respondent landlord installed a padlock on the appellant's apartment door following a fire, without judicial process. *Id.* at 682–83. Jones refers in particular to a portion of section II of *Murphy*, which concerns the appellant's challenge to the district court's determination that alternative housing costs and consequential damages were unavailable to a prevailing tenant under the ETRA statute when the emergency that resulted in the tenant's losses was not caused by the landlord. *Id.* at 689. *Murphy* is inapposite to the issues that Jones has raised in this appeal.