257 So.2d 318

**ST. JOSEPH SCHOOL et al.**

v.

**Howard LAMM et al.**

**8 Div. 445.**

Supreme Court of Alabama.

Jan. 27, 1972.

Harold F. Herring, Glenn F. Manning, Dan Moran, Huntsville, W. J. Sullivan, Jr., Birmingham, for appellants.

Schrader & Schwenn, by Dieter J. Schrader, Huntsville, for appellees.

PER CURIAM.

This is an appeal from a decree entered below requiring St. Joseph's School, a Catholic school, to "permit Complainants' children to attend [St. Joseph's] school in accordance with the rules and regulations established for its operation anl shall grant full force and effect to the registration and enrollment of Complainants' children." The mandatory injunction is not limited as to the time of its effectiveness.

As a part of the registration procedure each parent (although one parent denied having read it) was given a slip of paper which stated that the policy of the Roman Catholic Church forbade the admission of students who were seeking to circumvent court orders involving integration in public schools. At the time of the registration a $4.00 fee was collected from each registrant, which the principal of the school testified was used to cover the administrative cost of processing each applicant. No tuition was collected at this time.

The registration process took place on August 22, 1971. On Friday, August 27, 1971, the pastor and principal of St. Joseph's informed each parent (the appellees) that their respective children would be excluded from enrollment and that any expenditures they had made up until such time would be refunded. It was pointed out to each parent that it had come to the attention of the pastor that these appellants were seeking enrollment in St. Joseph's to avoid the impact of the Federal order which would have required their attendance in Cavalry Hill School, and that the policy of the Diocese of the Roman Church was to deny admission for the purpose of furthering a design to avoid compliance with a court order.

On August 30, 1971 the bill of complaint in this case was filed in the name of all of the children involved and was subsequently amended to delete the children as parties and leave in the fathers of the children. The theory of the bill seeks specific performance of what it contends was a contract made between St. Joseph's School and each parent in accepting the $4.00 registration fee and later excluding the children from enrollment.

"The following obligations cannot be specifically enforced:

"An obligation to render personal service.

"An obligation to employ another in personal service.

". . . . . . . . ." (Title 9, § 55, Code 1940)

The theory of the bill seeks specific performance of what complainants contend was a contract made between St. Joseph's School and each parent.

The contract referred to is one whereby respondent allegedly agreed to enroll at the school of respondent and there give instruction to the children of complainants. The alleged contract is one whereby respondent undertook to perform for complainants a service in education of their children.

Such a contract is a contract for personal service. The respondent allegedly undertook to render that service for complainants. Under the statute and decisions of this court, an obligation to render personal service cannot be specifically enforced. Title 9, § 55. This court has said:

". . . For the reasons set out in the opinions in these cases, and especially those set out in Electric Light Co. v. Mobile & S. H. Ry. Co. [109 Ala. 190, 19 So. 721] supra, courts of equity, in cases like the present, refuse to assume jurisdiction to specifically enforce contracts, but remit the parties aggrieved to their actions for damages in courts of law. The enforcement of the rule in the instant case may result in a hardship to appellee; but the rule is as we have stated it to be, and appellee has his action at law for such damages as he may legally have suffered by reason of the breach of the contract. Dimmick v. Stokes, 151 Ala. 150, 43 So. 854." Stewart v. White, 189 Ala. 192, 195, 66 So. 623.

See also: Electric Lighting Co. of Mobile v. Mobile & Spring Hill Ry. Co., 109 Ala. 190, 19 So. 721; George Moulton, Inc. v. Langan, 285 Ala. 427, 233 So.2d 74; Ex parte Jim Dandy Co., 286 Ala. 295, 239 So.2d 545; and the authorities therein cited; also annotation: 135 A.L.R. 279.

The reasons for the rule against decreeing specific performance of such contracts is adequately stated in authorities herein cited.

In Safro v. Lakofsky, 184 Minn. 336, 238 N.W. 641, the headnote recites:

"A contract whereby plaintiff was to teach defendant boxing and to negotiate and manage boxing bouts or prize fights wherein defendant should be a contestant, and divide the net proceeds with him and another, is not one which equity will specifically enforce or enjoin either party from breaching, since the personal services therein to be rendered by defendant were not unique, nor does it appear that he was peculiarly qualified above others to render them."

In an action by a teacher for damages for breach of a contract to employ plaintiff to teach, the court reversed a judgment sustaining demurrer to the complaint. Among other things the court said:

"A contract for personal services, such as this, could not be made the basis of an action for specific performance. (Citations omitted)" Hall v. Delphi-Deer Creek Twp. School Corp., 98 Ind.App. 409, 417, 189 N.E. 527, 530.

The decree of the trial court in the instant case orders respondent to permit the children of complainants to attend respon-

dent's school and to "grant full force and effect to the registration and enrollment of Complainant's [sic] children."

The decree is due to be reversed and complainants' bill dismissed. The cause is remanded with directions that a decree be rendered in accord with this opinion.

Reversed and remanded with directions.

HEFLIN, C. J. and COLEMAN, HARWOOD, and McCALL, JJ., concur.

BLOODWORTH, J., concurs in the result.