HELEN BLOCH, by Marvin Bloch, Her Father and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* HILLEL TORAH NORTH SUBURBAN DAY SCHOOL, Defendant-Appellee.

First District (3rd Division)    No. 80-2212

Opinion filed September 9, 1981.

Despres, Schwartz and Geoghegan, of Chicago, for appellants.

Stuart D. Perlman, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs appeal from an order of the trial court granting summary judgment in favor of defendant Hillel Torah North Suburban Day School. Helen Bloch is a grade school child who was expelled from defendant, a private Jewish school, at mid-year in 1980. Her parents brought this action seeking to enjoin expulsion and for specific performance of defendant's contract to educate Helen.

The complaint alleged that defendant arbitrarily and in bad faith breached its contract, and that Helen's expulsion was motivated by defendant's disapproval of plaintiffs' leadership role in combatting an epidemic of head lice at the school. The complaint also alleged that the school uniquely corresponded exactly to the religious commitments desired by plaintiffs. Defendant's answer stated that Helen was expelled, pursuant to school regulations, for excessive tardiness and absences. The parties also disputed the duration of the contractual obligation to educate. Defendant contended that the contract was to endure only for a school

year since tuition for only that period of time was accepted by it. Plaintiffs maintained that the contract, as implied by custom and usage, was to endure for eight years, the first year's tuition creating irrevocable option contracts for the subsequent school years, provided that Helen conformed to defendant's rules.

After the trial court denied plaintiffs' request for a preliminary injunction, both sides moved for summary judgment. The trial court denied plaintiffs' motion and granted the motion of defendant. In the same order, the trial court gave plaintiffs leave to file an amended complaint for money damages.

■█ Whether a court will exercise its jurisdiction to order specific performance of a valid contract is a matter within the sound discretion of the court and dependent upon the facts of each case. (11 Williston on Contracts § 1418, at 657-58 (3d ed. 1968); *Fitzpatrick v. Allied Contracting Co.* (1962), 24 Ill. 2d 448, 182 N.E.2d 183; *Blaise v. Stein* (1979), 75 Ill. App. 3d 793, 394 N.E.2d 836.) Where the contract is one which establishes a personal relationship calling for the rendition of personal services, the proper remedy for a breach is generally not specific performance but rather an action for money damages. (11 Williston on Contracts § 1423, at 784-85 (3d ed. 1968); *Zannis v. Lake Shore Radiologists, Ltd.* (1979), 73 Ill. App. 3d 901, 392 N.E.2d 126.) The reasons for denying specific performance in such a case are as follows: the remedy at law is adequate; enforcement and supervision of the order of specific performance may be problematic and could result in protracted litigation; and the concept of compelling the continuance of a personal relationship to which one of the parties is resistant is repugnant as a form of involuntary servitude. 11 Williston on Contracts § 1423, at 786-87 (3d ed. 1968); *Zannis v. Lake Shore Radiologists, Ltd.*

■█ Applying these principles to the present case, we believe that the trial court properly granted summary judgment in favor of defendant. It is beyond dispute that the relationship beween a grade school and a student is one highly personal in nature. Similarly, it is apparent that performance of such a contract requires a rendition of a variety of personal services. Although we are cognizant of the difficulties in duplicating the personal services offered by one school, particularly one like defendant, we are even more aware of the difficulties pervasive in compelling the continuation of a relationship between a young child and a private school which openly resists that relationship. In such a case, we believe the trial court exercised sound judgment in ruling that plaintiffs are best left to their remedy for damages. (See *Zannis v. Lake Shore Radiologists, Ltd.*) In *St. Joseph School v. Lamm* (1972), 288 Ala. 68, 257 So. 2d 318, the Supreme Court of Alabama held that specific performance was not available to compel a private grade school to educate a young child since such a

contract calls for personal services. See also *Flint v. St. Augustus High School* (La. App. 1975), 323 So. 2d 229, 236; *cf. Greene v. Howard University* (D.D.C. 1967), 271 F. Supp. 609, *rev'd in part* (D.C. Cir. 1969), 412 F.2d 1128 (in action for private school's breach of contract to employ teacher, damages at law and not specific performance is the appropriate remedy).

Plaintiffs' reliance on three Illinois cases is misplaced. In *DeMarco v. University of Health Sciences* (1976), 40 Ill. App. 3d 474, 352 N.E.2d 356, a mandatory injunction was issued compelling a school to confer a degree on plaintiff. The order did not compel the continuance of a personal relationship, but instead provided for the performance of a solitary ministerial act which recognized the termination of the parties' relationship. Similarly, in *Tanner v. Board of Trustees* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208, plaintiff sought to compel the issuance of a degree. In *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, the court held that the plaintiff stated a valid class action for an injunction against a medical school's misrepresentation of admission standards in its brochure and for restitution of application fees. In so holding, the court noted that plaintiff did not seek to compel the school to admit him. There was no issue concerning the enforcement of a personal relationship between adverse parties.

Illinois law recognizes the availability of a remedy for monetary damages for a private school's wrongful expulsion of a student in violation of its contract. (See *Aronson v. North Park College* (1981), 94 Ill. App. 3d 211, 418 N.E.2d 776 (reversing the trial court on other grounds); *McClintock v. Lake Forest University* (1921), 222 Ill. App. 468.) And especially, where, as here, the issue involves a personal relationship between a grade school and a young child, we believe plaintiffs are best left to a remedy for damages for breach of contract.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed, and the cause is remanded for further proceedings permitting plaintiffs to file an amended complaint for money damages.

Affirmed and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.